UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **FRANCISCO JAVIER CASABLANCA-TORRES,** <br><br> Plaintiff, <br><br> -v- <br><br> **THE CITY OF NEW YORK, et al.,** <br><br> Defendants. | **DECLARATION OF GIDEON ORION OLIVER IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS** <br><br> 21-cv-10832 (LAK) |

GIDEON ORION OLIVER, an attorney duly admitted to practice before this Court, hereby declares under penalties of perjury that the following statements are true and correct:

1. I am co-counsel for Plaintiff Francisco Javier Casablanca-Torres in this action.

2. I make this Declaration in support of Plaintiff's opposition to Defendants' partial motion to dismiss the First Amended Complaint (the "FAC", Dkt. No. 32) in this matter.

**Documents Referred to and/or Incorporated by Reference in the FAC**

3. Attached as Exhibit 1 is a true copy of the June 3, 2020 video recorded by Karla Moreno, available online at https://twitter.com/joshfoxfilm/status/1268366550475603969 (the "Moreno Video", last accessed September 5, 2022) first referred to in ¶ 2 of the FAC.

4. Attached as Exhibit 2 is a true copy of the June 10, 2020 statement by Karla Moreno, available online at https://medium.com/@kaprilmoreno/my-statement-on-the-events-of-june-3rd-2020-2c62ef00756a (the "Moreno Statement", last accessed September 5, 2022) first referred to in ¶ 82 of the FAC.

5. Attached as Exhibit 3 is a true copy of the June 2, 2020 Emergency Executive Order No. 119 enacted by Defendant Bill de Blasio, available online at

1

https://www1.nyc.gov/assets/home/downloads/pdf/executive-orders/2020/eeo-119.pdf (last accessed September 5, 2022).

6. Attached as Exhibit 4 is a true copy of the appearance ticket that Defendant NYPD Officer Ryan Costello served on Plaintiff on June 4, 2020, redacted to exclude Plaintiff's address and date of birth.

7. Attached as Exhibit 5 is a true copy of the April 6, 2021 Certificate of Disposition issued by the New York City Criminal Court related to the criminal prosecution Defendant Costello initiated against Plaintiff, redacted to exclude Plaintiff's address and date of birth, which indicates that the case was dismissed on September 8, 2020 because a New York City Criminal Court judge determined that the accusatory instrument Defendant Costello filed was legally insufficient.

8. Attached as Exhibit 6 is a true copy of the Complaint in *Trevor Britvec, et al. v. City of New York, et al.,* 21-cv-10759 (LAK) (Dkt. No. 1 therein).

9. Attached as Exhibit 7 is a true copy of the New York City Department of Investigation report referred to in p. 8 n. 2 of the FAC, *Investigation into NYPD Response to the George Floyd Protests*, Dec. 2020, available at

https://www1.nyc.gov/assets/doi/reports/pdf/2020/DOIRpt.NYPD%20Reponse.%20GeorgeFloyd%20Protests.12.18.2020.pdf (last accessed September 2, 2022).

10. Attached as Exhibit 8 is a true copy of the New York City Law Department report referred to in p. 9 n. 2 of the FAC, *Corporation Counsel Report Pursuant to Executive Order 58 (June 20, 2020) Directing an Analysis of Factors Impacting the George Floyd Protests in New York City,* Dec. 2020, available at https://www1.nyc.gov/assets/law/downloads/pdf/ProtestReport-np.pdf (last accessed September 2, 2022).

11. Attached as Exhibit 9 is a true copy of the New York State Office of the Attorney General report referred to in p. 9 n. 3 of the FAC, *Preliminary Report on the New York City Police*

*Department's Response to the Demonstrations Following the Death of George Floyd*, July 2020, available at https://ag.ny.gov/sites/default/files/2020-nypd-report.pdf (last accessed on September 2, 2022).

12. Attached as Exhibit 10 is a true copy of the Second Amended Complaint in *Case, et al. v. City of New York, et al.,* 14-cv-9148 (AT) (Dkt. No. 41 therein).

13. Attached as Exhibit 11 is a true copy of the First Amended Complaint in *Sow, et al. v. City of New York, et al.*, 21-cv-00533 (CM)(GWG) (Dkt. No. 49 therein).

14. Attached as Exhibit 12 is a true copy of the First Amended Complaint in *People of the State of New York v. City of New York, et al.,* 21-cv-00322 (CM)(GWG) (Dkt. No. 51 therein).

15. Attached as Exhibit 13 is a true copy of the Complaint in *Payne, et al. v. City of New York, et al.*, 20-cv-08924 (CM)(GG) (Dkt. No. 54 therein).

**Orders in Other Pending Cases Directing Coordinated Discovery with the Consolidated Actions.**

16. As set out below, attached are both orders denying similar requests in Summer 2020 cases by the City to bifurcate *Monell* discovery, along with the filings containing the City's arguments for context (since many of the orders simply grant the request)

17. Attached as Exhibit 14 is a true copy of an April 13, 2022 Order in *Sukana, et al. v. City of New York, et al.,* 21-cv-10899 (LJL) (Dkt. No. 22 therein), ordering discovery to be completed in coordination with the cases pending before Hon. Colleen McMahon and Hon. Gabriel W. Gorenstein in *In re NY City Policing During Summer 2020 Demonstrations*, 20-cv-8924 (CM)(GWG) (the "Consolidated Actions"), and denying the City's request for bifurcation.

18. Attached as Exhibit 15 is a true copy of an April 11, 2022 joint letter by the parties in *Sukana* (Dkt. No. 20-1 therein) containing Defendants' request for bifurcation, provided for context.

3

19. Attached as Exhibit 16 is a true copy of an August 18, 2022 Order in *Acosta, et al. v. City of New York, et al.,* 22-cv-00576 (Dkt. No. 19 therein), ordering coordinated discovery and denying the City's request for bifurcation.

20. Attached as Exhibit 17 is a true copy of an August 9, 2020 letter by the defendants in *Acosta* (Dkt. No. 17 therein) containing the City's argument that *Monell* discovery should be bifurcated.

21. Attached as Exhibit 18 is a true copy of a July 1, 2022 Order in *Margolies v. City of New York*, et al., 21-cv-10839 (PKC), denying the City's motion for bifurcation.

22. Attached as Exhibit 19 is a true copy of a June 28, 2022 joint letter by the parties in *Margolies* (Dkt. No. 31 therein) containing the City's argument that *Monell* discovery should be bifurcated.

23. Attached as Exhibit 20 is a true copy of a March 30, 2022 Order in *Rodriguez v. City of New York, et al.,* 21-cv-10815 (PKC) (Dkt. No. 17 therein) denying a motion to reconsider and in the alternative for bifurcation.

24. Attached as Exhibit 21 is a true copy of a March 28, 2022 letter by the defendants in *Rodriguez* (Dkt. No. 15 therein) containing the City's argument that *Monell* discovery should be bifurcated.

25. Attached as Exhibit 22 is a true copy of a June 21, 2022 Order in *Sharma v. City of New York, et al.,* 21-cv-10892 (ER) (Dkt. No. 26 therein) ordering coordinated discovery and denying the City's request for bifurcation.

26. Attached as Exhibit 23 is a true copy of a June 7, 2022 letter by the defendants in *Sharma* (Dkt. No. 22) containing the City's argument that *Monell* discovery should be bifurcated.

27. Attached as Exhibit 24 is a true copy of a March 30, 2022 Order in *DeLuca, et al. v. City of New York, et al.,* 21-cv-10777 (AJN)(KHP) (Dkt. No. 30 therein) ordering coordinated discovery and denying the City's request for bifurcation.

28. Attached as Exhibit 25 is a true copy of a March 29, 2022 joint letter by the parties in *DeLuca* (Dkt. No. 26 therein) containing the City's argument that *Monell* discovery should be bifurcated.

29. Attached as Exhibit 26 is a true copy of an August 5, 2022 Order *Cunningham v. City of New York, et al.,* 22-cv-00588 (LDH)(SJB) denying the City's request for bifurcation.

30. Attached as Exhibit 27 is a true copy of the August 3, 2022 letter by the Defendants in *Cunningham* (Dkt. No. 17) containing the City's argument that *Monell* discovery should be bifurcated.

**Claims Withdrawn by Plaintiff.**

31. Solely in the interests of narrowing some of the claims and issues in play in this case, Plaintiff hereby withdraws the following claims from the FAC:

   a. All of Plaintiff's claims against Defendants de Blasio, Shea, and Monahan;

   b. Plaintiff's facial First Amendment-based challenges to the Curfew Orders (but not Plaintiff's as-applied First Amendment-based challenges to the Curfew Orders, or any related municipal liability claims).

   c. Plaintiff's federal malicious prosecution claim (but not his malicious prosecution claim under New York law);

   d. Plaintiff's federal Equal Protection-based claims related to the Curfew Orders, including those premised on a selective enforcement theory only (but not his municipal liability claims based on violations of Plaintiff's Equal Protection rights);

5

e. Plaintiff's claims premised on a due process-based facial challenge to the Curfew Orders (but not Plaintiff's claims premised on an as-applied challenge to the Curfew Orders or any related municipal liability claims); and

f. Plaintiff's negligent hiring and supervision claim under New York Law (but not any municipal liability claims sounding failure to train, supervise, and or discipline theories of liability).

**Facts Regarding the New York City Criminal Court's Summons Appearance Part ("SAP") and "C-Summons" Prosecutions.**

32. NYPD members have discretion whether to charge violation-level and certain misdemeanor-level offenses using NYPD forms that are collectively called a "Criminal Court Summons" or a "C-Summons."

33. Prosecutions by C-Summons are typically returnable in the New York City Criminal Court's Summons Appearance Part (the "SAP").

34. The paper forms and computer interfaces NYPD members used to create C-Summonses in June of 2020 generated several documents related to each C-Summons, including an appearance ticket to be served on the arrestee, and a separate, sworn accusatory instrument to be filed with the criminal court.

35. The form C-Summons accusatory instrument must be affirmed under penalty of law by the complainant law enforcement officer and contains the language: "I personally observed the commission of the offense charged herein. False statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the Penal Law."

36. At all times relevant to Mr. Casablanca's prosecution, as a matter of policy, the Office of the District Attorney of New York County ("DANY") had no involvement in prosecuting cases heard in SAP, or other cases prosecuted by C-Summons.

37. As a result, as a practical matter, no prosecutor interviewed a complainant NYPD member before deciding whether to lodge charges in a C-Summons case or not, and if so, which charge(s) to lodge.

38. Rather, individual NYPD members who issued C-Summonses initiated prosecutions related to those summonses directly, without involving a local prosecutor, by choosing the charge(s) and language to be included in the accusatory instrument, swearing out supporting factual allegations in the instrument sufficient to make out each element of each charged offense based on their own personal observations, and filing the accusatory instrument with the local criminal court.

**Additional Facts Regarding Plaintiff's Prosecution.**

39. Between June 4, 2020 and September 30, 2020, the New York State Office of Court Administration ("OCA") had suspended in-person SAP operations as a result of the COVID-19 pandemic.

40. Under New York law, the court must provide court appearance reminders prior to required appearances. CPL § 150.80(2).

41. Between June 4, 2020 and September 30, 2020, Plaintiff heard nothing from the New York City Criminal Court regarding his required September 30, 2020 court appearance.

42. Between June 4, 2020 and September 30, 2020, the only way for an arrestee who had been issued a C-Summons to learn about the status of their case and/or determine whether they were required to appear on September 30, 2020 was to engage an attorney.

43. Therefore, in June of 2020, Plaintiff engaged myself and co-counsel Elena L. Cohen, Esq. to represent him on connection with the criminal proceedings Defendant Costello had initiated against him in SAP.

44. Between June 4, 2020 and September 30, 2020, OCA was operating an Electronic Document Delivery System ("EDDS") through which counsel could file documents in connection with, among other things, SAP cases, as a result of which, at times,

45. Between June 4, 2020 and September 30, 2020, as counsel for Mr. Casablanca, Ms. Cohen and I communicated with OCA repeatedly trying to learn about the status of his case, including whether any appearance was required on September 30, 2020.

46. For example, on September 10, 2020, as counsel for Mr. Casablanca, Ms. Cohen and I filed a Notice of Appearance in Mr. Casablanca's case via EDDS, referring to the case by the Arrest Number printed on the face of the appearance ticket Defendant Costello provided Mr. Casablanca. Also on September 10, 2020, we received a notification by e-mail that the Court was not accepting the Notice of Appearance because we had not included a Docket Number in the submission. However, it was not possible to obtain a Docket Number without learning it from OCA, and the only way to learn information about a SAP case from OCA at the time was to file a Notice of Appearance on EDDS.

47. On October 2, 2022, as counsel for Mr. Casablanca, Ms. Cohen and I filed a Notice of Appearance in Mr. Casablanca's case via EDDS, again referring to the case by the Arrest Number. Also on October 2, 2020, OCA informed Plaintiff's counsel by e-mail that the case against Plaintiff had been dismissed on September 8, 2020.

48. As seen above, the case was dismissed on September 8, 2020 because a New York City Criminal Court judge determined that the accusatory instrument Defendant Costello filed was legally insufficient. *See* Exh. 5 (Certificate of Disposition).

Dated: Brooklyn, New York
September 6, 2022

_____