# COHEN&GREEN

---

April 11, 2022

Honorable Lewis J. Liman, United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007

**By Electronic Filing**

    **Re:**    *Alyssa Sukana et al. v. City of New York, et al.*, 21-cv-10899 (LJL)(BCM)

Your Honor:

    I am co-counsel for Plaintiffs in this matter. I hereby submit this joint letter to explain counsels' disagreements and disputes related to the dates and other terms in the proposed Case Management Plan (the "CMP") that the parties have submitted today in advance of the initial pretrial conference in this matter scheduled to take place at 2PM on April 13, 2022.

**Plaintiffs' Position**

    As Your Honor is aware, this matter is one of many that have been filed in this Court arising from a large New York City Police Department ("NYPD") mass arrest operation in the Mott Haven neighborhood in the Bronx in which Plaintiffs and over 250 others were kettled without prior dispersal orders or opportunities to disperse, assaulted, arrested, detained for excessive periods of time in unsafe conditions, and falsely and maliciously prosecuted and the manner in which the NYPD and Defendant City of New York policed other summer 2020 Black Lives Matter protests. Discovery has been ongoing in a set of flagship cases, including an action brought by the New York State Attorney General on behalf of the People of the State of New York, and several putative class actions, focusing on the Mott Haven protest, raising *Monell* claims identical to those Plaintiffs here herein, which have been consolidated for pre-trial purposes under the *In re New York City Policing During Summer 2020 Demonstrations* docket at 20-cv-8924 (CM)(GWG) before Hon. Colleen McMahon and Hon. Gabriel W. Gorenstein (the "Consolidated Actions").

    The Consolidated Actions have been on a rocket docket since early 2021. On July 9, 2021, Judge McMahon ruled on Defendants' partial motion to dismiss related to various *Monell* claims that are identical to those pleaded in this case. *See* 548 F.Supp.3d 383 (SDNY 2021). Discovery, including dozens of depositions of NYPD "line officers" as well as depositions of higher-ranking NYPD members and 30(b)(6) witnesses related to the overlapping fact and *Monell* claims in those cases has been proceeding apace, with dozens of lawyers participating. Recently, the Court stayed certain higher-level depositions, and extended the discovery and other deadlines in the Consolidated Actions, in light of a March 4, 2022 decision from the Second Circuit reversing in part a prior decision by Judge McMahon to deny certain parties, including the Police Benevolent Association, intervention as of right. *See Payne v City of NY (In re NY City Policing During Summer 2020 Demonstrations)*, 2022 U.S. App. LEXIS 5778 (2d Cir Mar. 4, 2022, No. 21-1316). The current fact discovery cutoff, by which all



discovery, including *Monell* discovery, is to be completed, is August 12, 2022. Although that date may well be adjusted depending on, among other things, the length of the current stay, the Court and the parties expect fact discovery to be complete in the Consolidated Actions within the next few months, and by the end of this year at the latest.

Alongside this joint letter, Plaintiffs submit a Proposed Stipulation and Order. *See* Exhibit 1. Defendants have indicated that they are in agreement as to points 2, 4, 9, and 10 of the Proposed Stipulation and Order. Plaintiffs ask that the Court implement this proposal in its entirety. Plaintiffs respectfully submit that this proposal would serve the interest of judicial economy and efficiency by ensuring the coordination of discovery between the Consolidated Actions in NYC Summer 2020 protest cases and the instant case. The Proposed Stipulation and Order from Plaintiffs seeks to address Defendants' and Plaintiffs' shared concerns around re-production and redundant discovery practice by implementing a coordinated discovery process. The Defendants have not made their specific opposition to the remaining points (1, 3, 5, 6, 7) clear other than through their position in this letter, in which they indicate that they wish to "limit" *Monell* discovery here. While this position, to the extent it has been elaborated upon thus far, is addressed in more detail by Plaintiffs below, it is clear that there is a significant inconsistency between the approaches by Defendants regarding discovery in this case.

In sum, Defendants intermittently attempt to both deny and emphasize the relatedness of cases such as this to the Consolidated Actions depending on which position will most limit Plaintiffs' access to discovery. Defendants have previously denied the near-total overlap between the *Monell* elements of the Consolidated Actions and claims such as this when rejecting requests to mark such matters as even potentially related, as we summarized to the Court in our March 16, 2022 letter (Dkt. 11, *see* footnote 4 and related text.[1] Likewise, Defendants downplay the relatedness of these cases through their attempted denial of Plaintiffs' attempts to utilize, upon agreement and while adhering to protective orders, discovery already provided in those matters. However, in repeatedly emphasizing the redundancy of potential questioning of common witnesses and attempting to prematurely stimy the introduction of *Monell* evidence into Plaintiffs' case-in-chief, Defendants have taken the position that, as the claims are identical in both this case and the Consolidated Actions, *Monell* litigation in this case would create two bites at the apple. These positions cannot be simultaneously true.

For Plaintiffs' part, we unequivocally recognize the near-total overlap between this action and the Consolidated Actions for *Monell* purposes at this stage. *Compare*, *e.g.*, the Complaint in this case *with* the Complaint in *Hernandez, et al. v. City of New York, et al.*, 21-cv-07406 (CM)(GWG) (Dkt. No. 1). Because discovery in these matters is ongoing, and as Plaintiffs have as yet been unable to question

---

[1] Specifically, Plaintiffs' counsel informed defense counsel of our position that
Local Civil Rule 1.6(a) and Rule 13(b)(1) obligated Defendants to inform the Court of the
potential relatedness among several actions the City removed from state court, including this case.
On January 4, 2020, Counsel for Defendant City replied, in part:
> We do not agree that the cases are related. It is our contention that each individual
> case is just that; individual. Just because they all arose out of protests does
> not make them related, in our view. Defendants do not agree that the cases
> are even potentially related, so we will not be notifying the court of any
> relatedness.

2



deponents in the Consolidated Actions as to the factual allegations in this case, the only path to non-duplicative discovery that does not prejudice Plaintiffs is the proposed plan for coordinated discovery. Under such a plan, Plaintiffs could discover in this action – perhaps through interrogatories and/or requests for admission – whether any of the Defendants in this action, who are also Defendants in the Consolidated Actions, and whose depositions are expected to be taken in the Consolidated Actions, have any personal knowledge relevant to Plaintiffs' experiences or their claims. If they do not, the near-total overlap would likely mean that there is no need to ask *Sukana*-related questions in the Consolidated Actions.

Against that backdrop, Plaintiffs ask that the Court allow the parties to benefit from the ongoing discovery in the Consolidated Actions – including the discovery related to the Mott Haven incident and the *Monell* claims in play in those cases, which are identical to those pleaded in this case – by directing that discovery in this action proceed in coordination with discovery in the Consolidated Actions. This is what Judge McMahon and Hon. Lewis A. Kaplan did in *Casablanca-Torres v. City of New York, et al.,* 21-cv-10832 (LAK)(JLC) *Britvec, et al. v. City of New York, et al.,* 21-cv-10759 (LAK)(KNF), *see Britvec* Dkt. 18, a copy of which is attached as Exhibit 2. Additionally, in another action arising from the June 4, 2020 police actions at Mott Haven, just as this one does, Hon. P. Kevin Castel issued a pair of orders that were similar to the orders in *Britvec* and *Casablanca-Torres* in *Rodriguez, et al., v. The City of New York, et al.*, 21 CV 10815 (PKC). *See* Exhibit 3 (Dkt. Nos. 14 and 17). Plaintiffs' proposed stipulation and order (Exhibit 1) is modeled most closely on the *Rodriguez* orders. Additionally, in a number of the Consolidated Actions themselves, Defendants consented to much of what Plaintiffs propose here. *See, e.g., Hernandez, et al. v. City of New York, et al.,* 21 Civ. 7406 (CM)(GWG), December 15, 2021 Order (Dkt. 333 in the Consolidated Actions, a copy of which is attached as Exhibit 4).

As the Court did in *Rodriguez*, we ask that the Court order the parties to coordinate discovery in this matter with discovery in the Consolidated Actions and allow the parties to make full use of the discovery that has been, and will be, conducted in the Consolidated Actions in this matter including, critically, the extensive and ongoing document discovery and depositions of both line- and high-level NYPD witnesses related to the Mott Haven incident and Plaintiffs' *Monell* claims. Such an order would require the parties to coordinate discovery in this matter with the ongoing discovery in the Consolidated Actions, while avoiding duplicative discovery wherever possible. If discovery is coordinated as Plaintiffs are proposing, rather than re-producing the vast majority, if not all, of the documentary evidence relevant to Plaintiffs' *Monell* claims, the parties could rely on the discovery in the Consolidated Actions with respect to those claims. Requiring the parties to coordinate discovery, including line officer and high-level depositions, that is ongoing in the Consolidated Actions where there is overlap would increase economy and efficiency for all parties, as well as the Court – particularly given the close, time-consuming, and ongoing supervision the contentious litigation in the Consolidated Actions has resulted in. And, with respect to discovery that relates specifically to Plaintiffs' experiences, to the extent such discovery has already been exchanged in the Consolidated Actions, the parties could simply identify any such discovery in their discovery responses in this case utilizing the date(s) of production and Bates Numbers in the Consolidated Action, rather than re-producing it in this action. To the extent discovery in the Consolidated Actions that is relevant to Plaintiffs' experiences has not yet taken place, requiring the parties to coordinate – so that the discovery is only taken once in the Consolidated Actions, covering all of the areas relevant to the Consolidated Actions as well as actions such as this one in the context of the Consolidated Actions, wherever possible – is the approach most judges supervising these cases has taken and, Plaintiffs submit, it is the approach that makes the most sense.



If the Court grants Plaintiffs' request to allow discovery, including *Monell* discovery, in this matter to proceed in coordination with discovery in the Consolidated Actions, Plaintiffs would respectfully suggest that the parties move forward with discovery as to Plaintiffs' claims in this action in accordance with the deadlines proposed in Sections 5 through 9 of the CMP, with adjustments to the dates for completion of depositions and discovery designed to accommodate the need to coordinate discovery with the Consolidated Actions (which is expected to be completed this year, but may extend beyond the dates in the CMP), while, at the same time, making use of the discovery that has been, and will be, conducted, in the Consolidated Actions.

Plaintiffs oppose Defendants' request that this Court limit *Monell* discovery in this case - including the manner in which they propose to limit Plaintiffs' access to and use of relevant depositions of *Monell* and high-level fact witnesses who have testified and will testify in the Consolidated Actions. There are dozens of attorneys from both sides involved in litigating the Consolidated Actions. After extensive motion practice before, and with ongoing and frequent supervision from, Judge Gorenstein, the parties have developed, and the court has "so ordered," a practice by which defense counsel in the Consolidated Actions disclose with certain information about an upcoming deponent's deposition – such as which protests and/or arrests the person attended or has knowledge about – as well as the majority of the documents relevant to that deponent and deposition – just two business days before the deposition takes place. Plaintiffs' counsel then designate a primary questioner, along with other questioners from each of the cases related to which the witness has knowledge, and coordinate closely in a rush to prepare to take the depositions cooperatively in as little time as possible. Before two business days in advance of a given deposition, Plaintiffs here will not have documents informing them whether deponents are uniquely involved in their cases. Indeed, in many cases, Plaintiffs will only know if a deponent who was at Plaintiffs' arrest location has unique knowledge of their case by attending the depositions in the Consolidated Actions (which we are already doing as class counsel) and being prepared to ask questions specific about these Plaintiffs' claims, if necessary, at the deposition. Further, the Consolidated Actions already involve 9 separate multi-Plaintiff complaints, including two putative class actions, an action by the Office of the Attorney General of the State of New York on behalf of the People of New York, and an action by the Legal Aid Society and New York Civil Liberties Union. Allocating time for questions by all parties within a 7-hour deposition is already a monumental task. To the extent there are disagreements about how the depositions in the Consolidated Actions should proceed, including how much time Plaintiffs' counsel should get for questions, any such disputes have been before Judge Gorenstein. For those, and other, reasons, the *Monell* and higher-level depositions in the Consolidated Actions are already procedurally complex. Adding in new procedures would only further complicate things for all parties, this Court, and the Court in the Consolidated Actions.

Defendants ask "to be provided with notice as to what *Monell* discovery is unique as to these Plaintiffs." As Plaintiffs have explained, we expect there to be a near-complete, if not complete, overlap between discovery on Plaintiffs' *Monell* claims in this action and the *Monell* discovery in the Consolidated Actions. Because *Monell* discovery is ongoing, however, it is impossible to "provide notice" as to what discovery will be unique. Nor is it clear what purpose that notice would serve, or what Defendants would do with it, or in front of which judge. Defendants say that the *Monell* discovery in the Consolidated Actions is "much more expansive than the *Monell* claim in this case" -but they do not say what they mean. Similarly, Defendants say that "only the specific *Monell* discovery within the scope of these claims should be brought into this case" – but they do not say what they mean. The relief requested in some of the Consolidated Actions is certainly much more expansive, but the *Monell* claims in this case and several of the Consolidated Actions are pleaded almost identically. Unless

4



Defendants in this case intend to concede the merits of Plaintiffs' *Monell* claims in this case, Plaintiffs will need to pursue discovery to prove them up at trial, and Plaintiffs submit we have proposed the most efficient way to do that. Defendants say "the same claims" Plaintiffs raise here "are already being addressed within the consolidated actions" – but these Plaintiffs have the right to pursue those same claims in this action, so these Plaintiffs' claims here are not being "addressed" in those actions. To the extent Defendants ask that the Court order Plaintiffs' counsel to provide Defendants drafts of proposed deposition questions and topics in advance of potentially related depositions in the Consolidated Actions, citing *DeLuca*, we respectfully submit that Judge Parker issued that order in the context of a case in which the lead Plaintiff is also a person who gave testimony to the Attorney General that has formed part of the OAG's case, creating some unique discovery overlaps. Those, and other, differences, counsel against having this Court gatekeep access to discovery in the Consolidated Actions that might overlap, rather than leaving those issues to Judge Gorenstein.

   Furthermore, an individual Assistant Corporation Counsel's unfamiliarity with the Consolidated Actions, to which Defendants and defense counsel via the Law Department are party, is simply not cause to prejudice Plaintiffs' access to discovery or frustrate judicial economy. To the extent the sole Assistant Corporation Counsel assigned to this case is unfamiliar with this matter, that is a problem Defendants have created by not providing such access, and/or that defense counsel has created through the manner in which the Law Department has staffed, and the choices it has made in litigating, the Consolidated Actions and this clearly related case for many months. This Court should not allow Defendants to make staffing and resource allocation decisions that essentially keep defense counsel uninformed about these clearly related matters, creating burdens other staffing and resource allocation decisions would not, and prejudice Plaintiffs' pursuit of their claims in this case—especially not after Defendants removed this case from the forum in which it was brought.

   Defendants also suggest that discovery here should be limited due to Plaintiffs' counsel's familiarity with and "access" to discovery the Consolidated Actions, but this is likewise not cause for the course proposed by Defendants. There is a robust protective order in the Consolidated Actions that prohibits Plaintiffs' counsel from using the many documents and deposition transcripts Defendants have designated as "Confidential" in the Consolidated Actions for any other purpose, including in this matter, so it simply is not true that Plaintiffs' counsel have "access" to that discovery to use in this matter. Moreover, to the extent Defendants' counsel is prohibitively unfamiliar with discovery, it appears Plaintiffs' counsel would need to either identify or reproduce it to Defendants' counsel in order to make use of it here. That discovery includes not only documents pertaining to the events at Mott Haven and the related arrests, arrest processing, and prosecutions, but also dozens of depositions of NYPD members and third-party fact and Monell witnesses.

   This discovery at issue here includes not only documents pertaining to the events at Mott Haven and the related arrests, arrest processing, and prosecutions, but also dozens of depositions of NYPD members and third-party fact and *Monell* witnesses. If there is no coordination of discovery between this action and the Consolidated Actions, many witnesses, including many of the named Defendants in this action, *would* be exposed to duplicative discovery in this matter, rather than being on the hook to testify about both the Consolidated Actions, and, to the extent necessary, this action, on one date or set of dates, by all interested parties, as has been the practice in the Consolidated Actions. Plaintiffs' requests as to coordinated discovery would serve judicial economy and the interest of all parties by facilitating comprehensive and efficient discovery, and Plaintiffs ask that the Court enter Plaintiffs' proposed order (Exhibit 1) as part of the scheduling order in this case.

5



**Defendants' Position:**

I am an Assistant Corporation Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York assigned to represent the Defendants in the above-referenced matter. Defendants write in accordance with Your Honor's Individual Practices and in the Court's March 22, 2022 Order requesting the parties provide a Joint Case Management Plan. The parties' primary dispute pertains to the timing and scope of Monell discovery. Plaintiffs seek to coordinate discovery in this matter with the discovery in In re NY City Policing During Summer 2020 Demonstrations, 20-cv-8924(CM) (GWG) (S.D.N.Y.) ("Summer 2020"), and for the Court to deem produced all documents produced to plaintiffs in Summer 2020.

Plaintiffs' counsel requests that the Court direct discovery in this action to proceed and be coordinated with discovery in the Summer 2020 Actions. The Sumer 2020 actions consist of 10 cases, one which is stayed, and 3 class actions stemming from the NYPD's response to protests in the Summer of 2020 through January of 2021. Plaintiffs' counsel in this matter Elena Louisa Cohen, Maryanne K. Kaishian, Gideon Oliver, Remy Green, and Jessica Massimi are five of the forty-seven (47) attorneys in the Summer 2020 cases, and have been litigating Summer 2020 for the past year and five months. (See Civil Docket, Summer 2020). As such, the plaintiffs' counsel in this matter already have access to the approximately 550,000 pages of discovery that have been produced thus far in Summer 2020 and they also have an intimate familiarity with the record in Summer 2020 spanning the course of one year and five months. The undersigned, who is not involved in the defense of Summer 2020 or familiar with the extensive discovery in Summer 2020, and is the only attorney representing the City defendants in this matter, would now be required to familiarize himself with an approximately 550,000 page record just relating to Monell discovery. If this Court orders the Defendants to coordinate discovery in this matter with Summer 2020 and ordering the City defendants to have deemed produced all documents produced to plaintiffs in Summer 2020, Defendants would bear an extreme burden in preparing an appropriate defense based off the voluminous materials, many of which may be unrelated to the individual claims made here. The Monell claims within Summer 2020, extend far beyond Mott Haven, and have a range of dates pertaining to protests from May 2020 to January 2021. Further, they expand upon topics relating to the press, essential workers, legal observers and other materials that do not pertain to the individual plaintiffs in this action.

Furthermore, on August 26, 2021, counsel in this case filed a Second Amended Class Action Complaint in the Summer 2020 actions wherein they sought to represent a class under Federal Rule of Civil Procedure 23(b)(3) consisting of the following persons: "(a) all persons arrested based upon an alleged violation of Mayor de Blasio's Emergency Executive Order No. 119 who were confined and/ or seized by police before the time of day at which the curfew went into effect, who later had summonses or charges dismissed; (b) arrested for participating in an allegedly unlawful assembly from May 28, 2020 to June 8, 2020, for which police lacked probable cause to believe that the assembly in question had the purpose of engaging or preparing to engage in tumultuous and violent conduct, who later had summonses or charges dismissed; and/ or (c) injured by the use of objectively unreasonable force by members of the New York City police department in the course of arresting and/ or dispersing protestors who had been surrounded and charged, from May 28, 2020 to June 8, 2020." (Summer 2020, Second Amended Class Action Complaint, ¶192 Civil Dkt. No. 249) The plaintiffs in this matter fall into the proposed class in Summer 2020. Not only that, but the plaintiffs in this matter are bringing an identical Monell claim to the Monell claim alleged in Summer 2020. (See Id. ¶¶218-222).

6



    The City defendants also note that the plaintiffs' attorneys in this case have no less than 3 separate cases related to the summer 2020 protests that have <u>not</u> been consolidated with <u>Summer 2020</u>.[2] To the extent other plaintiffs have brought a putative class action (20 CV 08924) alleging claims of false arrest and excessive force at the Mott Haven protests, the City defendants are unclear why the three individual plaintiffs' claims in this case as well as the claims in the other two cases are not being litigated in that class action. Nevertheless, were the City ordered to coordinate discovery in each of these individual cases, which appears to be the direction that plaintiffs' counsel seeks to proceed in each separate case, it would cause an excessive burdensome effort on the part of the City defendants, that provides no benefit whatsoever to plaintiffs. Therefore, due to the extensive amount of discovery that has been, and will be, produced in <u>Summer 2020</u>, which the plaintiffs' counsel in this matter already possess and will have in their possession, the City defendants respectfully request that the Court deny plaintiffs request to coordinated discovery with the <u>Summer 2020</u>, matter.

    Instead, defendants respectfully request that <u>Monell</u> discovery be limited. Specifically, defendants ask to be provided with notice as to what Monell discovery is unique as to these plaintiffs and not separately being pursued in <u>Summer 2020</u>. In addition, we to seek a limit on what specific <u>Monell</u> discovery is introduced into plaintiff's Case-in-Chief, as the <u>Monell</u> discovery in the <u>Summer 2020</u> is much more expansive than the <u>Monell</u> claim in this case, and only that specific <u>Monell</u> discovery within the scope of these claims should be brought into this case. The entirety of <u>Monell</u> discovery from <u>Summer 2020</u> being used in this matter during the pretrial is duplicative, as the same claims are already being addressed within the consolidated actions. The Defendant's request is not unreasonable, as this has already been accomplished in pending matters; *See* <u>DeLuca, et al. v. NYPD, et al.,</u> 21-cv-10777 (AJN)(KHP) (Dkt. 30). In *DeLuca*, Honorable Katherine Parker ordered Plaintiff's counsel to provide to Defendants a draft of proposed deposition questions and topics pertaining to the alleged <u>Monell</u> claim that is specific and unique to the Plaintiffs in their action. The questions were not to overlap with <u>Monell</u> topics and questions that would be addressed in the cases pending before the Honorable Colleen McMahon that also involve arrests of demonstrators in June 2020 in the Mott Haven NYPD operation.

    Although the defendants oppose the coordination of all discovery with the Summer 2020 matter, there are several positions the plaintiff's present that the Defendants agree with. It is imperative for litigation not to be duplicated, for efforts not be wasted from either party and certain streamlining of evidence must happen. The Defendants would agree to the following; 1) Defendants agree that Counsel should avoid seeking discovery in this matter that is duplicative of the discovery in the Consolidated Actions; 2) Plaintiff's shall pursue discovery as to their individual claims in accordance with the Case Management Plan in this matter with respect to that Discovery; 3) All depositions taken in the Consolidated Actions (where taken heretofore or hereafter) may be used in this action as if conducted in this action, so long as that discovery is relevant to the claims in this case; 4) No deposition of a witness or party conducted in the Consolidated Actions shall be conducted in this action without leave of this Court.

    The parties thank Your Honor for the Court's attention to this matter.

---

[2] *See* <u>Rodriguez, et al., v. The City of New York, et al.</u>, 21 CV 10815 (PKC); and <u>DeLuca, v. CNY</u>, 21-cv-10777(AJN)(KHP).

7



   Respectfully submitted,


_____/s/_____
**Elena L. Cohen**
Cohen & Green, PLLC
Attorneys for Plaintiffs


*Michael Viviano /s/*
Michael Viviano
Assistant Corporation Counsel

8

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ALYSSA SUKANA and ANDREA CANEDO,

                              Plaintiffs,                    Index No. 21-cv-10899 (LJL)(BCM)

                                                                       **(PROPOSED) SO-ORDERED**
      -against-                                              **STIPULATION**

THE CITY OF NEW YORK; NEW YORK CITY MAYOR
BILL DE BLASIO; NEW YORK POLICE DEPARTMENT
("NYPD") COMMISSIONER DERMOT SHEA; NYPD
CHIEF OF DEPARTMENT TERENCE MONAHAN; NYPD
ASSISTANT CHIEF KENNETH LEHR; NYPD LEGAL
BUREAU SERGEANT KENNETH RICE; NYPD OFFICER
FIRST NAME UNKNOWN (FNU) WEBB; and NYPD
MEMBERS JOHN AND JANE DOES # 1-92,

                              Defendants.

------------------------------------------------------------------------X

## (PROPOSED) SO-ORDERED STIPULATION

      Pursuant to Fed.R.Civ.P. 26(d)(1), Plaintiffs Alyssa Sukana and Andrea Canedo

("Plaintiffs") and Defendants agree that:

      This Stipulation and Order will be incorporated into the proposed Case Management Plan

agreed upon by both parties during a 26(f) Conference held on March 25, 2022.

      1.     Plaintiffs and Defendants will coordinate discovery in this matter with discovery

in the cases pending before Hon. Colleen McMahon and Hon. Gabriel W. Gorenstein under the



**EXHIBIT 1, p. 1 of 3**

1

*In re NY City Policing During Summer 2020 Demonstrations*, 20-cv-8924(CM)(GWG) docket (the "Consolidated Actions"), except to the extent ordered otherwise by Judge McMahon, Judge Gorenstein, or this Court.

2. Counsel will avoid seeking discovery in this matter that is duplicative of discovery in the Consolidated Actions.

3. Plaintiffs shall pursue discovery as to their municipal liability claims in the Consolidated Actions and abide by the schedule in the Consolidated Actions with respect to that discovery.

4. Plaintiffs shall pursue discovery as to their individual claims in accordance with the Case Management Plan in this matter with respect to that discovery.

5. All parties will abide by the protective order entered as Docket 115 in the Consolidated Actions as it relates to discovery conducted in the Consolidated Actions as though the order also applied in this matter.

6. All discovery, including document and deposition discovery, that has been and will be produced or conducted in the Consolidated Actions, is deemed part of *Sukana*, subject to any confidentiality restrictions in place as to such discovery in the Consolidated Actions.

7. Neither party will be required to re-disclose discovery in the Consolidated Actions in *Sukana*.

8. All rulings on the scope of discovery in the Consolidated Actions shall apply with equal force to this action, except to the extent otherwise ordered by this Court.

9. All depositions taken in the Consolidated Actions (where taken heretofore or hereafter) may be used in this action as if conducted in this action.

**EXHIBIT 1, p. 2 of 3**

2

10. No deposition of a witness or party conducted in the Consolidated Actions shall be conducted in this action without leave of this Court.

11. Except to the extent otherwise ordered by Judge McMahon or Judge Gorenstein, Plaintiffs' counsel may attend and participate in any depositions conducted in the Consolidated Actions.

Dated: April \_\_\_, 2022

[SIGNATURES ON FOLLOWING PAGE]

**EXHIBIT 1, p. 3 of 3**

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
TREVOR BRITVEC, et al.,

                    Plaintiffs,

        -against-                                          21-cv-10759 (LAK)


THE CITY OF NEW YORK, et al.,

                    Defendants.
------------------------------------x
FRANCISCO JAVIER CASABLANCA-TORRES,

                    Plaintiffs,

        -against-                                          21-cv-10823 (LAK)


THE CITY OF NEW YORK, et al.,

                    Defendants.
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/31/2022

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

      1.     These two actions are consolidated solely for discovery and discovery-related pretrial proceedings. Papers relating to both such actions shall bear both captions.

      2.     After consultation and agreement with Judge McMahon, the plaintiffs' applications (21-cv-10759, Dkt. 16; 21-cv-10832, Dkt. 19) to transfer these actions to Judge McMahon for consolidated or coordinated proceedings with certain cases pending before her are denied.

      3.     Counsel are urged to coordinate discovery in these actions with discovery in the cases before Judge McMahon to the extent that such coordination would be helpful and appropriate and to do so without the need for judicial intervention. In the event any party seeks

**EXHIBIT 2, p. 1 of 2**

judicial intervention in service of that goal, Judge McMahon and the undersigned are amenable to considering appropriate applications where agreement cannot be achieved.

       SO ORDERED.

Dated:      January 31, 2022

_____<br>
Lewis A. Kaplan<br>
United States District Judge

**EXHIBIT 2, p. 2 of 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHEILA RODRIGUEZ,

                Plaintiff,                    21-cv-10815 (PKC)

  -against-                                    <u>ORDER</u>

CITY OF NEW YORK, etc.,

                Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

1. Discovery in this action shall be coordinated with discovery in <u>In re NY City Policing During Summer 2020 Demonstrations</u>, 20-cv-8924(CM) ("<u>Summer 2020</u>"), except to the extent ordered otherwise by Judge McMahon, Judge Gorenstein or this Court.

2. Defendants shall submit a Protective Order identical to the Order in <u>Summer 2020</u> *mutatis mutandis* within 5 days.

3. By April 1, 2022, defendants shall produce all documents produced to plaintiffs in <u>Summer 2020,</u> subject to the same confidentiality designations in <u>Summer 2020</u>. If and to the extent defendants produce documents in <u>Summer 2020</u> after April 1, 2022, they shall also be produced to plaintiffs in this action.

4. Except to the extent otherwise ordered by Judge McMahon or Judge Gorenstein, upon payment of transcript costs by plaintiffs, plaintiffs shall have access to transcripts of all depositions conducted in <u>Summer 2020,</u> subject to any confidentiality restrictions in <u>Summer 2020.</u>

**EXHIBIT 3, p. 1 of 4**

- 2 -

5. Except to the extent otherwise ordered by Judge McMahon or Judge Gorenstein, plaintiffs' counsel may attend and participate in any "high level depositions" (as that term may be interpreted from time to time by Judge McMahon or Judge Gorenstein) conducted in Summer 2020. See Order of March 21, 2022 in Summer 2020.

6. All rulings on the scope of discovery in Summer 2020 shall apply with equal force to this action, except to the extent otherwise ordered by this Court.

7. All depositions in Summer 2020 (whether taken heretofore or hereafter) may be used in this action as if conducted in this action. No deposition of a witness or party conducted in Summer 2020 shall be conducted in this action without leave of this Court.

8. Plaintiffs' letter motion (Doc 12) is GRANTED to the extent that the action is removed from the Local Civil Rule 83.10 Plan.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
March 22, 2022

Copy to Judge McMahon
Magistrate Judge Gorenstein

**EXHIBIT 3, p. 2 of 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHEILA RODRIGUEZ,

                Plaintiff,                        21-cv-10815 (PKC)

  -against-                                 ORDER

CITY OF NEW YORK, etc.,

                Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        The City of New York (the "City") seeks to have this Court reconsider its March 22, 2022 Order coordinating discovery in this action with the discovery in In re NY City Policing During Summer 2020 Demonstrations, 20-cv-8924(CM) ("Summer 2020").  Contrary to its intended purpose, the City's letter of March 28, 2022 highlights the wisdom of coordination.

        The City notes that four of the lawyers in this action are also counsel in Summer 2020 and have access to the discovery produced in Summer 2020 and presumably will have access to the April 1, 2022 supplemental production.   This suggests the burden on the City is negligible. Counsel for the plaintiffs have advised the Court that there is "no need [for the City] to redisclose anything. . . ." (Ltr. Mar. 30, 2022; Doc 16. ) If the material has been or will be produced in Summer 2020, then it is deemed produced in this action, subject to a similarly worded protective order. The "high level"  depositions in Summer 2020 will be attended by counsel for the City and counsel in Summer 2020, who, as the City points out overlap with counsel in this action, and therefore it is efficient and appropriate to have that discovery coordinated with the discovery in this action.

**EXHIBIT 3, p. 3 of 4**

The Court has not and does not intend to decide at the juncture whether the plaintiffs have a viable <u>Monell</u> claim.  The Court has not decided whether any summary judgment motion or trial relating to any <u>Monell</u> claim ought to go forward or be stayed or bifurcated.  Circumstances unique to the overlap between this action and <u>Summer 2020</u> make it efficient that <u>Monell</u> discovery in this action that overlaps Monell discovery in <u>Summer 2020</u> go forward.

The City's letter motion (Doc 15) is DENIED.  Plaintiffs' letter motion (Doc 16) is GRANTED to the limited extent that the Court directs the parties to meet and confer pursuant to Rule 26(f), Fed. R. Civ. P.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
March 30, 2022

**EXHIBIT 3, p. 4 of 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------ x

In Re: New York City Policing During Summer 2020 Demonstrations

20 Civ. 8924 (CM)(GWG)

------------------------------------

This filing is related to:

KRYSTIN HERNANDEZ, NATALIE BAKER, ETHAN CHIEL, KYLA RASKIN, REX SANTUS, ROXANNE ZECH, RAFAEL-LEV GILBERT, SARAH MILLS-DIRLAM, AUGUST LEINBACH, JALEN MATNEY, JONATHAN DAVIS, and DAVID HOLTON,

21 Civ. 7406 (CM)(GWG)

Plaintiffs,

- against -

THE CITY OF NEW YORK; NEW YORK CITY MAYOR BILL DE BLASIO; NEW YORK POLICE DEPARTMENT ("NYPD") COMMISSIONER DERMOT SHEA; NYPD CHIEF OF DEPARTMENT TERENCE MONAHAN; NYPD DEPUTY COMMISSIONER FOR LEGAL MATTERS ERNEST F. HART; NYPD ASSISTANT CHIEF KENNETH LEHR; NYPD LEGAL BUREAU SERGEANT KENNETH RICE; NYPD STRATEGIC RESPONSE GROUP ("SRG") MEMBER FIRST NAME UNKNOWN ("FNU") RABEL; NYPD SUPERVISOR FNU HYLAND; and NYPD MEMBERS JOHN AND JANE DOES 1-157,

Defendants.

------------------------------------------------------------ x

## STIPULATION

Pursuant to Federal Rule of Civil Procedure 26(d)(1), Plaintiffs Krystin Hernandez, Natalie Baker, Ethan Chiel, Kyla Raskin, Rex Santus, Roxanne Zech, Rafael-Lev Gilbert, Sarah Mills-Dirlam, August Leinbach, Jalen Matney, Jonathan Davis, and David Holton (the *Hernandez* Plaintiffs) and Defendants agree that the *Hernandez* Plaintiffs and Defendants may

**EXHIBIT 4, p. 1 of 3**

1

immediately seek and serve discovery, including third-party discovery, relating to the claims, defenses, and issues in *Hernandez,* civil action 21 Civ. 7406 (CM)(GWG). The parties further agree that:

1. All parties will abide by the protective order entered as Docket 115 in civil action 20 Civ. 8924 (CM)(GWG) in this matter; and

2. All discovery that has been and will be conducted in the consolidated cases will be deemed part of *Hernandez*, without the need for either party to re-disclose it, respecting any confidentiality designations that are in place.

Dated: <u>December 15</u>, 2021
       New York, New York

[SIGNATURES ON FOLLOWING PAGE]

**EXHIBIT 4, p. 2 of 3**

2

| | |
|---|---|
| **COHEN&GREEN P.L.L.C.** | **NYC CITY LAW DEPARTMENT** |
| By: _/s/ Remy Green_<br>Elena L. Cohen<br>J. Remy Green<br>Jessica Massimi | By: _Dara L. Weiss /s/_<br>Dara L. Weiss<br>100 Church Street<br>New York, New York, 10007<br>(212) 356-3517<br>Phone: (212) 356-3517<br>Fax: (212) 356-3509<br>Daweiss@law.nyc.gov |
| 1639 Centre Street, Suite 216<br>Ridgewood (Queens), NY 11385<br>  t: (929) 888-9480<br>  f: (929) 888-9457<br>  e: elena@femmelaw.com<br>    remy@femmelaw.com<br>    jessica@femmelaw.com | *Attorney for Defendants* |

-and-

Gideon Orion Oliver
277 Broadway, Suite 1501
New York, NY  10007
 t: 718-783-3682
 f: 646-349-2914
Gideon@GideonLaw.com

*Attorneys for Hernandez Plaintiffs*

3

**EXHIBIT 4, p. 3 of 3**