UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

Acosta, et al.,

                                      Docket No. 22-cv-00576

                   Plaintiffs,

    -against-

The City of New York, et al.,

                   Defendants.

-----------------------------------------------------------------------X

## COORDINATION ORDER

As rrdered on the record at the initial pre-trial conference on August 10, 2022, the Court orders this case to be coordinated with the Consolidated Actions (defined below) as follows:

1. Plaintiffs and Defendants will coordinate discovery in this matter with discovery in the cases pending before Hon. Colleen McMahon and Hon. Gabriel W. Gorenstein under the *In re NY City Policing During Summer 2020 Demonstrations*, 20-cv-8924(CM)(GWG) docket (the "Consolidated Actions"), except to the extent ordered otherwise by Judge McMahon, Judge Gorenstein, or this Court.

2. Counsel will avoid seeking discovery in this matter that is duplicative of discovery in the Consolidated Actions.

3. Plaintiffs shall pursue discovery as to their municipal liability claims in the Consolidated Actions and abide by the schedule in the Consolidated Actions with respect to that discovery.

4. Plaintiffs shall pursue discovery as to their individual claims in accordance with the Case Management Plan in this matter with respect to that discovery.

5. All parties will abide by the protective order entered as Docket 115 in the Consolidated Actions as it relates to discovery conducted in the Consolidated Actions as though the order also applied in this matter. A copy of that order is attached hereto and incorporated herewith.

6. All discovery, including document and deposition discovery, that has been and will be produced or conducted in the Consolidated Actions, is deemed part of *Acosta*, subject to any confidentiality restrictions in place as to such discovery in the Consolidated Actions.

7. Neither party will be required to re-disclose discovery in the Consolidated Actions in *Acosta*.

8. All rulings on the scope of discovery in the Consolidated Actions shall apply with equal force to this action, except to the extent otherwise ordered by this Court.

9. All depositions taken in the Consolidated Actions (where taken heretofore or hereafter) may be used in this action as if conducted in this action.

10. No deposition of a witness or party conducted in the Consolidated Actions shall be conducted in this action without leave of this Court.

11. Except to the extent otherwise ordered by Judge McMahon or Judge Gorenstein, Plaintiffs' counsel may attend and participate in any depositions conducted in the Consolidated Actions.

SO ORDERED.

Dated: <u>August 18</u>, 2022

*Ramon E. Reyes, Jr.*
_____
Hon. Ramon E. Reyes, Jr., U.S.M.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations | CIVIL ACTION NO. 20 Civ. 8924 (CM)(GWG) |
| This filing is related to:<br>ALL CASES | **CONFIDENTIALITY ORDER** |

**WHEREAS**, parties in the actions set forth below will be required to produce certain documents and information that they may deem to be confidential or otherwise inappropriate for public disclosure; and

**WHEREAS**, the parties seek to ensure that the confidentiality of these documents and information remain protected; and

**WHEREAS**, good cause therefore exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**THE COURT HEREBY ORDERS THAT:**

1. As used herein, "Actions" shall mean the following related cases pending before this Court:

    a. *People of the State of New York v. City of New York, et al.*, 21 Civ. 322 (CM);

    b. *Payne, et al. v. Mayor Bill de Blasio, et al.*, 20 Civ. 8924 (CM);

    c. *Sierra, et al. v. City of New York, et al.*, 20 Civ. 10291 (CM);

    d. *Wood v. City of New York, et al.*, 20 Civ. 10541 (CM);

1

    e. *Sow, et al. v. City of New York, et al.*, 21 Civ. 533 (CM); and

    f. *Yates, et al. v. New York City, et al.*, 21 Civ. 1904 (CM).

  2. "Confidential Materials" shall mean any portion of documents that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others, including but not limited to: (a) home addresses, non-business phone numbers, or personal e-mail addresses contained in New York City Police Department ("NYPD") records; (b) plaintiffs' and witness' medical records; and (c) records related to plaintiffs' sealed arrests that were not related to the incident(s) underlying the Complaints. Documents shall not be designated "Confidential Materials" to the extent that they relate to the incident(s) underlying the Complaints in the Actions or are otherwise publicly available. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

  3. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party in the Actions who is not the "Producing Party," as defined herein, for that document or information.

  4. A Receiving Party and that party's attorneys shall not use Confidential Materials produced in discovery in the Actions for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

  5. Attorneys for a Receiving Party shall not disclose the Confidential Materials to

any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

    a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Actions.

    b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Actions, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

    c. Defendants' attorneys may also disclose the Confidential Materials to the New York City Police Department, the New York City Comptroller's Office, and the New York City Mayor's Office, only as necessary to the defense or settlement of these Actions.

    d. Before any disclosure is made to a person listed in subparagraphs (b) or (c) above (other than to the Court or to a witness at a deposition), the Receiving Party's attorney shall provide each such person with a copy of this Confidentiality Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Actions and not to make further disclosure of the Confidential Materials, except in testimony taken in the Actions. The attorneys for a Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving

3

      Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

    e. Disclosure of medical records deemed "Confidential" under this Confidentiality Order may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

  6. The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Confidentiality Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel.

  7. If a Receiving Party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to counsel for the Producing Party, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 45 days of the initial objection, request the Court to remove the designation in accordance with the Court's Individual Practices. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

  8. Any party seeking to file papers with the Court that incorporate specific and

identifiable content from Confidential Materials or otherwise reveal the contents thereof shall seek permission to file the materials under seal in accordance with the Individual Practices of the judge before whom the filing is being made.

9. Where a party seeks to file papers before Chief Judge McMahon that incorporate specific and identifiable content from Confidential Materials or otherwise reveal the contents thereof, the parties must first make an application to Chief Judge McMahon for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. With respect to filings before Chief Judge McMahon, this stipulation is deemed to incorporate the text included in Section VI of the Individual Practices and Procedures of Chief Judge Colleen McMahon.

10. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal. This provision does not apply to the filing of an expert report, summary of evidence pursuant to Federal Rule of Evidence 1006, or other similar compilation that used in its preparation documents or information designated Confidential, provided that such filing does not specifically identify content from the underlying documents that is designated Confidential.

11. Nothing in this Confidentiality Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request.

12. This Confidentiality Order will survive the termination of the Actions and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this

order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Actions have been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

13. The Court will retain jurisdiction over all persons subject to this Confidentiality Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Confidentiality Order at any time.

**SO ORDERED:**

Dated: April 2, 2021
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

## **EXHIBIT A**

The undersigned hereby acknowledges that (s)he has read the Confidentiality Order issued in the following specific actions:

a. *People of the State of New York v. City of New York, et al.*, 21 Civ. 322 (CM)

b. *Payne, et al. v. Mayor Bill de Blasio, et al.*, 20 Civ. 8924 (CM)

c. *Sierra, et al. v. City of New York, et al.*, 20 Civ. 10291 (CM)

d. *Wood v. City of New York, et al.*, 20 Civ. 10541 (CM)

e. *Sow, et al. v. City of New York, et al.*, 21 Civ. 533 (CM)

f. *Yates, et al. v. New York City, et al.*, 21 Civ. 1904 (CM)

The undersigned understands the terms of said Confidentiality Order and agrees not to use the Confidential Materials defined therein for any purpose other than as permitted by the Confidentiality Order, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____  Signature: _____

Print Name:_____