

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ANDREY UDALOV**
*Assistant Corporation Counsel*
audalov@law.nyc.gov
Phone: (212) 356-0822

June 7, 2022

**By ECF**
Honorable Edgardo Ramos
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: *Rahul Sharma v. City of New York, et al.*,
          21 CV 10892 (ER)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York, former Mayor Bill de Blasio, former NYPD Chief of Department Terence Monahan, former NYPD Commissioner Dermot Shea, now-retired Lt. Stephen Latalardo, Police Officer Briana Carlo, and Detective Michael Ashford ("City Defendants") in the above-referenced matter. I write in response to plaintiff's May 23, 2022 letter seeking to coordinate *Monell* discovery with *In re NY City Policing During Summer 2020 Demonstrations*, 20-CV-8924 ("Consolidated Cases") and attorney's fees for making the application to the Court. (ECF No. 20)

    It is noted at the outset that plaintiff purports to move for an Order governing discovery, but the Court's Individual Practices require a pre-motion letter of no more than three pages prior to any motion, with certain inapplicable exceptions. *Individual Practices of Judge Edgardo Ramos*, at 2 (A)(i)(ii). Accordingly, the Court should deem plaintiff's letter a pre-motion letter and defendants respond as such. Defendants reserve the right to engage in further briefing and make additional arguments at such time as plaintiff is permitted to make their motion.[1]

---

[1] Pursuant to Your Honor's Individual Rules and Practices, pre-motion conference letter is "not to exceed three pages, setting forth the basis for the anticipated motion." *Id*. at 2(A)(i-ii). Plaintiff's letter is six pages and plaintiff did not seek permission from the Court to file excess pages.

For the reasons outlined below, plaintiff's proposed motion is without merit. Additionally, defendants respectfully propose to make a motion to bifurcate *Monell* discovery pursuant to Fed. R. Civ. P. 42(b), for the reasons set forth below.

### A. There is No Need to Coordinate *Monell* Discovery in this Case with the Consolidated Protest Cases or Any Other Case

This case is not part of the Consolidated Cases and plaintiff has not made an application to consolidated this case with the Consolidated Cases. Indeed, plaintiff has an obligation under Local Civil Rule 1.6 to "bring promptly to the attention of the Court all facts which [they believe] are relevant to a determination that said case . . . should be heard by the same Judge, in order to avoid unnecessary duplication of judicial effort. As soon as the attorney becomes aware of such relationship, said attorney shall notify the Judges to whom the cases have been assigned." This case has been pending on the federal docket since December 20, 2021. Almost six months have passed and plaintiff only now asserts that the case is related to numerous other cases, and should be in effect consolidated (albeit without assignment to the Judge whose orders plaintiff would have control discovery here). Plaintiff's letter is not in the service of efficient litigation but rather is a gambit to expand the burden and expense of this litigation, and inflate plaintiff's potential fee award should plaintiff prevail.

Plaintiff was right in the first instance when they did not file this case as related to the Consolidated Cases. This case involves false arrest and excessive force claims involving a specific incident and is most efficiently litigated and resolved on the basis of that incident alone. The requirements of Fed. R. Civ. P. 1 & 26(b)(1) call for this case to be resolved on its own terms, without resort to quasi class-action discovery that is wildly disproportionate to the needs of this action.[2] The scope of discovery under Fed. R. Civ. P. 26(a)(1) is for material relevant to the claims and defenses *in this action*, subject to the proportionality requirements of Fed. R. Civ. P. 26(b)(1). Plaintiff asks the Court to abandon this standard by handing over control of the scope of discovery in this case to a different proceeding entirely.

There have been over 500,000 pages of documents produced in the Consolidated Cases. There is no reason to believe that the vast majority of these documents are relevant to this case, and, indeed, plaintiff proffers no such reason other than the bald assumption that one protest is like another. Even if there are some overlapping issues between protests, the relevant material should be determined based on the merits of the plaintiff's individual claim. *Monell* discovery – even if not bifurcated (see below) – should be tailored to policies that could be "the moving force" behind the particular constitutional violations in this case. *See Phillips v. Cnty. of Orange*, 10-CV-239 (SHS) (LMS), 2015 U.S. Dist. LEXIS 137662 at *31 (S.D.N.Y. Aug. 20, 2015) ("a plaintiff must

---

Accordingly, defendants respectfully request that the Court permit defendants' response to be equal in page limit, if necessary.

[2] On May 12, 2022, the undersigned and plaintiff's counsel discussed the order issued in *Alyssa Sukana and Andrea Canedo v. City of New York, et al.*, 21-CV-10899 (LJL), (ECF No. 22) ("Def. Ex. A"), at which time defendants advised plaintiffs of the reasons for their opposition to plaintiff's request.

demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury.") (citation and internal quotation marks omitted). That scope can only be determined based on the events that occurred in this case, and the question cannot be delegated wholesale to a Judge not assigned to this matter, and therefore has no knowledge of the particular facts of this case. To the extent that discovery produced in the Consolidated Cases is deemed by the parties or the Court to be specifically relevant and proportionate, and therefore properly discoverable, in *this case*, then it would be produced. But there is no reason to assume *a priori* that anything produced in the Consolidated Cases is discoverable here, just because it is produced in another case.

Plaintiff's argument that it would not require the parties to reproduce discovery (Def. Ex. A, ¶ 6), is disingenuous and entirely fails to alleviate the burden on defendants of having to review an immense volume of documents that would be deemed produced, and therefore could possibly be used by plaintiff, in this case. Whether or not attorneys working on other matters have seen the documents does not obviate the burden on the counsel assigned to this matter to be familiar with every document that is produced *in this matter*. That plaintiff's counsels are eager to undertake the burden of review of *half a million pages of documents* for the false arrest of a single plaintiff speaks more to their desire to enhance a claim for fees than concern for efficient discovery in this matter. Alternatively, plaintiff's counsel may be seeking discovery to assist other matters. Either purpose is an invalid motivation for discovery.

Further, deeming every single deposition that was held or will be held in the Consolidated Cases to be part of – and potentially used in -- the instant case (Def. Ex. A ¶¶ 6; 9), likewise imposes an immense burden on the parties here, to no benefit. There have to date been approximately over 63 depositions in the Consolidated Cases, and it is anticipated that there are approximately 105 depositions left. Plaintiff presents no reason to assume that the depositions taken in the Consolidated Cases are relevant to this action, and no reason to believe that the burden of attending or reading all of them is proportional to the needs of this case.

In addition, being required to abide by the discovery schedule in the Consolidated Cases (Def. Ex. A ¶ 3), imposes the additional burden of subjecting the defendants here to the timelines of the Consolidated Cases. Plaintiff presents no reason why that is appropriate, let alone necessary, for the just, efficient and fair adjudication of *this matter*.

Plaintiff's reliance on orders to coordinate discovery in other unrelated cases *i.e. Sheila Rodriguez v. City of New York, et al.*, 21-CV-10815 (PKC), (ECF No. 17); *Trevor Bivtec, et al., v. City of New York, et al.*, 21-CV-10759 (LAK), (ECF No. 18); *Francisco Javier Casablanca-Torres v. City of New York, et al.*, 21-CV-10832 (LAK), (ECF No. 21); *Alyssa Sukana and Andrea Canedo v. City of New York, et al.*, 21-CV-10899 (LJL), (ECF No. 22), is misplaced as those orders do not address the concerns raised by defendants here about proportionality and the unreasonable burden of review. Further, the Orders in those cases do not state why the bifurcation of *Monell* discovery would be inappropriate or would not achieve the interests of judicial economy. *See infra*.

Accordingly, plaintiff's proposed order is contrary to the requirements of Fed. R. Civ. P. 1 & 26 and should be rejected.

**Bifurcation is Appropriate:** Bifurcating *Monell* discovery avoids putting the cart before the horse. A valid *Monell* claim requires an underlying constitutional violation, and without one, "there can be no municipal liability under *Monell*." *Sims v. City of New York*, 2018 U.S. Dist. LEXIS 212966 at *11 (S.D.N.Y. Dec. 17, 2018) (citing *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006)). Therefore, the optimal path forward favors bifurcation, as it could render any requirement for *Monell* discovery moot. As the Second Circuit noted in *Amato v. City of Saratoga Springs*, 170 F.3d 311 (2d Cir. 1999):

> "Section 1983 actions are particularly well suited for bifurcation because the evidence needed to show a policy and custom on behalf of the municipal entity is often unnecessary in the suit against the individual official. Furthermore, if a plaintiff fails to show that a constitutional violation occurred in the suit against the individual official, the corresponding cause of action against the municipality will be mooted since a claim of [municipal liability] is only actionable where some constitutional violation actually occurred."

*Id.*, 170 F.3d at 320 (alteration added) (citation and internal quotation marks omitted).

Plaintiff's proposed Order presumes that *Monell* discovery should go forward in this matter. But bifurcation of *Monell* discovery is appropriate because it would allow for the resolution of the factual issues of this case that could negate any need for *Monell* discovery and thus greatly benefit the interests of judicial economy. Indeed, even plaintiff's factual allegations pertaining to his arrest, which are limited to paragraphs 33-41 of the complaint (ECF No. 1-1), lack any indication that any conduct was done pursuant to a City policy.[3]

Accordingly, the most efficient approach is to stay *Monell* discovery until the resolution of the underlying question of whether a constitutional violation occurred, which is the preferred approach in this Circuit. *See Brown v. City of New York*, 13-CV-6912 (TPG) 2016 U.S. Dist. LEXIS 18670 at *4 (S.D.N.Y. Feb. 16, 2016) ("Thus, since there is no finding of *Monell* liability without first finding a constitutional violation, in an effort to promote convenience and economy, courts in this circuit have bifurcated *Monell* claims and stayed their discovery until a plaintiff has succeeded in establishing liability on the part of the individual defendants."); *Mineo v. City of New York*, 09-CV-2261 (RRM)(MDG), 2013 U.S. Dist. LEXIS 46953 at *4 (E.D.N.Y. Mar. 29, 2013) ("Courts in this Circuit favor bifurcating *Monell* claims.") (citations omitted).

Additionally, plaintiff would not suffer any prejudice if *Monell* discovery is stayed, and bifurcated. Indeed, as plaintiff asserts the *Monell* issues in the Consolidated Cases "are identical to those pleaded in this case" and *Monell* discovery is set to close on August 12, 2022, in the Consolidated Cases. (ECF No. 20 at 2) Thus, because plaintiff's attorneys are attorneys in the

---

[3] Most of plaintiff's complaint is copied and pasted from other complaints (*see e.g. Justin Cohen and Kyala Schenck v. City of New York, et al.*, 21-CV-4821 (AMD)(RML) (ECF No. 1)) and also contains factual assertions that have nothing to do with the parties here. *See e.g.* (Compl. ¶¶ 194-196 (ECF No. 1-1)).

4

Consolidated Cases, plaintiff would have the benefit of discovery and the resolution of the *Monell* issues in those cases without having to needlessly burden the defendants in this case.

To the extent that plaintiff wishes to depose the higher up officials in the Consolidated Cases, that are also defendants in this case, on the events serving as a basis for plaintiff's complaint in this case, in the interest of judicial economy, defendants would not be opposed to that. However, plaintiff's wholesale approach to having this case related to the Consolidated Cases presents multiple issues, as demonstrated above, that would complicate rather than ease the issues. Accordingly, bifurcation would be appropriate and plaintiff's request to coordinate discovery with the Consolidated Cases should be denied.

**Plaintiff's Motion for Costs Should be Denied:** Plaintiff's proposed motion for costs pursuant to Fed. R. Civ. P. 37(a)(5)(A) is frivolous. Pursuant to Fed. R. Civ. P. 37(a)(1) "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiff makes no motion to compel discovery. This case is not related to the Consolidated Cases, and the defendants are not refusing to abide by a discovery request or Order. Rather, the issue is whether the Court should deem all discovery conducted in the Consolidated Cases to be conducted in this case, and subject the parties here to the schedule in those cases. Accordingly, Rule 37 has no application to plaintiff's motion. But even Rule 37 did apply, as demonstrated above, defendants' opposition to the proposed Order has a substantial basis.

An award of costs under Rule 37 is proper if "(1) a district court grants a Rule 37(a) motion to compel discovery or disclosure, or (2) disclosure or the requested discovery is provided after the motion was filed, the court must, after giving an opportunity to be heard, require the . . . [opposing] attorney . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Mantell v. Chassman*, 512 Fed. App'x. 21, 24 (2d Cir. 2013) (citing Fed. R. Civ. P. 37(a)(5)(A)) (internal quotation marks omitted). However, a court "must not order payment if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust." *Id*.

For the reasons stated herein, plaintiff's motion for costs is without basis, and should be denied. *See e.g. Comprehensive Habilitation Servs. v. Commerce Funding Corp.*, 240 F.R.D. 78, 87 (S.D.N.Y. 2006) (denying motion for costs where the opposing parties objections to relevancy were valid); *Gade v. State Farm Mut. Auto. Ins. Co.*, 14-CV-00048, 2016 U.S. Dist. LEXIS 73049 at **11-12 (D. Vt. June 6, 2016) (denying motion for costs where the discovery dispute did not "reveal any willful non-compliance with discovery obligations, but rather a genuine dispute wherein each side believed that it was substantially justified in its position.") (citation and internal quotation marks omitted).

## Conclusion

For the reasons set forth herein, defendants respectfully request that: (1) plaintiff's request to coordinate discovery with the Consolidated Cases should be denied; (2) that the Court bifurcate *Monell* discovery pending the resolution of the factual issues; and (3) deny plaintiff's motion for costs.

                                                Respectfully submitted,

                                                *Andrey Udalov /s/*

                                                Andrey Udalov
                                                *Assistant Corporation Counsel*

**VIA ECF**

Elena Louisa Cohen, *Attorney for Plaintiff*
Gideon Orion Oliver, *Attorney for Plaintiff*
Jessica Massimi, *Attorney for Plaintiff*
Remy Green, *Attorney for Plaintiff*