

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**GREGORY ACCARINO**
*Assistant Corporation Counsel*
gaccari@law.nyc.gov
Phone: (212) 356-1945

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

August 3, 2022

**By ECF**
Honorable Sanket J. Bulsara
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 10007

      Re:    <u>Colette Cunningham v. City of New York, et al.</u>,
            22 CV 588 (LDH) (SJB)

Your Honor:

I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York, Sergeant Yuriy Akopov, Sergeant Suhail Sofizada, and Officer Aaliyah Card ("Defendants") in the above-referenced matter. I write in response to plaintiff's August 1, 2022 letter seeking to coordinate *Monell* discovery with *In re NY City Policing During Summer 2020 Demonstrations*, 20-CV-8924 ("Consolidated Cases") and attorney's fees for making the application to the Court. (ECF No. 20)

For the reasons outlined below, plaintiff's proposed motion is without merit, and defendants respectfully request that the Court: (1) bifurcate *Monell* discovery pending the resolution of the factual issues; (2) deny plaintiff's request to coordinate discovery with the Consolidated Cases to the extent the Court does not bifurcate *Monell* discovery; and (3) deny plaintiff's motion for costs.

### 1. The Court Should Bifurcate *Monell* Discovery in this case

As an initial matter, defendants respectfully submit that the Court need not address plaintiff's motion at all because plaintiff's boilerplate, conclusory *Monell* claim is without merit and any purported *Monell* discovery in this action should be bifurcated.

By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging that she was sexually assaulted by New York City Police Department ("NYPD") Sergeant Yuriy Akopov, on July 12, 2020, while plaintiff attended a "Blue Lives Matter" pro-police protest as a

counter-protestor. Plaintiff alleges that while standing on the sidewalk with counter-protestors, Sergeant Akopov instructed plaintiff to move, but plaintiff was unable to move as members of the NYPD had surrounded the counter-protestors. Plaintiff further alleges that Sergeant Akopov pushed his hand into plaintiff's chest, and plaintiff requested that Sergeant Akopov not touch plaintiff's chest. Plaintiff further alleges that Sergeant Akopov then grabbed plaintiff's breast with his hand and squeezed forcefully. Plaintiff further alleges that she asked Sergeant Akopov to stop grabbing her breast, but Sergeant Akopov groped plaintiff for several more seconds before pushing and shoving by plaintiff, causing plaintiff to fall backward. Plaintiff further alleges that Sergeant Soheil Sofizada and another member of the NYPD were present but did not intervene.

Plaintiff's proposed Order presumes that *Monell* discovery should go forward in this matter. But bifurcation of *Monell* discovery is appropriate because it would allow for the resolution of the factual issues of this case that could negate any need for *Monell* discovery and thus greatly benefit the interests of judicial economy. Indeed, even plaintiff's factual allegations pertaining to her alleged assault, which are limited to paragraphs 38-49 of the complaint (ECF No. 1), lack any indication that any conduct was done pursuant to a City policy. Moreover, most of plaintiff's complaint is nearly identical to other complaints. *Compare* ¶¶48-72, 106-121 of *Megan Heckard v. City of New York, et al.*, 21-CV-7166 (RPK)(CLP) (ECF No. 1) *with* ¶¶53-77, 78-93 of *Colette Cunningham v. City of New York, et al*., 22-CV-588 (LDH(SJB) (ECF No. 1).

Bifurcating *Monell* discovery avoids putting the cart before the horse. A valid *Monell* claim requires an underlying constitutional violation, and without one, "there can be no municipal liability under *Monell*." *Sims v. City of New York*, 2018 U.S. Dist. LEXIS 212966 at *11 (S.D.N.Y. Dec. 17, 2018) (citing *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006)). Therefore, the optimal path forward favors bifurcation, as it could render any requirement for *Monell* discovery moot. As the Second Circuit noted in *Amato v. City of Saratoga Springs*, 170 F.3d 311 (2d Cir. 1999):

> "Section 1983 actions are particularly well suited for bifurcation because the evidence needed to show a policy and custom on behalf of the municipal entity is often unnecessary in the suit against the individual official. Furthermore, if a plaintiff fails to show that a constitutional violation occurred in the suit against the individual official, the corresponding cause of action against the municipality will be mooted since a claim of [municipal liability] is only actionable where some constitutional violation actually occurred."

*Id*., 170 F.3d at 320 (alteration added) (citation and internal quotation marks omitted).

Accordingly, the most efficient approach is to stay *Monell* discovery until the resolution of the underlying question of whether a constitutional violation occurred, which is the preferred approach in the Second Circuit. *See Brown v. City of New York*, 13-CV-6912 (TPG) 2016 U.S. Dist. LEXIS 18670 at *4 (S.D.N.Y. Feb. 16, 2016) ("Thus, since there is no finding of *Monell* liability without first finding a constitutional violation, in an effort to promote convenience and economy, courts in this circuit have bifurcated *Monell* claims and stayed their discovery until a plaintiff has succeeded in establishing liability on the part of the individual defendants."); *Mineo*

*v. City of New York*, 09-CV-2261 (RRM)(MDG), 2013 U.S. Dist. LEXIS 46953 at *4 (E.D.N.Y. Mar. 29, 2013) ("Courts in this Circuit favor bifurcating *Monell* claims.") (citations omitted).

Additionally, plaintiff would not suffer any prejudice if *Monell* discovery is stayed, and bifurcated. Indeed, as plaintiff asserts the *Monell* issues in the Consolidated Cases "are identical to those pleaded in this case" and *Monell* discovery is set to close on August 12, 2022, in the Consolidated Cases. (ECF No. 20 at 2). Thus, because plaintiff's attorneys are attorneys in the Consolidated Cases, plaintiff would have the benefit of discovery and the resolution of the *Monell* issues in those cases without having to needlessly burden the defendants in this case.

## 2. There is No Need to Coordinate *Monell* Discovery in this Case with the Consolidated Protest Cases or Any Other Case

To the extent the Court does not bifurcate *Monell* discovery, the Court should deny plaintiff's request to coordinate discovery with the Consolidated Cases. This case is not part of the Consolidated Cases and plaintiff has not made an application to consolidate this case with the Consolidated Cases. Indeed, plaintiff has an obligation under Local Civil Rule 1.6 to "bring promptly to the attention of the Court all facts which [they believe] are relevant to a determination that said case . . . should be heard by the same Judge, in order to avoid unnecessary duplication of judicial effort. As soon as the attorney becomes aware of such relationship, said attorney shall notify the Judges to whom the cases have been assigned." This case has been pending on the federal docket since February 1, 2022. Plaintiff asserts that the case is related to numerous other cases and should be in effect consolidated (albeit without assignment to the Judge whose orders plaintiff would have control discovery here). Plaintiff's letter is not in the service of efficient litigation but rather its purpose is to expand the burden and expense of this litigation and inflate plaintiff's potential fee award should plaintiff prevail.

Plaintiff was right when they did not file this case as related to the Consolidated Cases. This case involves a single unique allegation of excessive force and sexual assault involving a specific incident and is most efficiently litigated and resolved on the basis of that incident alone. The requirements of Fed. R. Civ. P. 1 & 26(b)(1) call for this case to be resolved on its own terms, without resort to quasi class-action discovery that is wildly disproportionate to the needs of this action. The scope of discovery under Fed. R. Civ. P. 26(a)(1) is for material relevant to the claims and defenses *in this action*, subject to the proportionality requirements of Fed. R. Civ. P. 26(b)(1). Plaintiff asks the Court to abandon this standard by handing over control of the scope of discovery in this case to a different proceeding entirely.Upon information and belief, there have been over 500,000 pages of documents produced in the Consolidated Cases. There is no reason to believe that the vast majority of these documents are relevant to this case, and, indeed, plaintiff proffers no such reason other than the assumption that one protest is like another, notwithstanding that this case involves a single unique allegation of excessive force and sexual assault. Even if there are some overlapping issues between protests, the relevant material should be determined based on the merits of the plaintiff's individual claim. *Monell* discovery – even if not bifurcated (see below) – should be tailored to policies that could be "the moving force" behind the particular constitutional violations in this case. *See Phillips v. Cnty. of Orange*, 10-CV-239 (SHS) (LMS), 2015 U.S. Dist. LEXIS 137662 at *31 (S.D.N.Y. Aug. 20, 2015) ("[A] plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury.") (citation and internal quotation marks omitted). That scope can only be determined based on the events

that occurred in this case, and the question cannot be delegated wholesale to a Judge not assigned to this matter, and therefore has no knowledge of the particular facts of this case. To the extent that discovery produced in the Consolidated Cases is deemed by the parties or the Court to be specifically relevant and proportionate, and therefore properly discoverable, in *this case*, then it would be produced. But there is no reason to assume *a priori* that anything produced in the Consolidated Cases is discoverable here, just because it is produced in another case.

Plaintiff's argument that it would not require the parties to reproduce discovery is incorrect and fails to alleviate the burden on defendants of having to review an immense volume of documents that would be deemed produced, and therefore could possibly be used by plaintiff, in this case. Whether or not attorneys working on other matters have seen the documents does not obviate the burden on the counsel assigned to this matter to be familiar with every document that is produced *in this matter*. That plaintiff's counsels are eager to undertake the burden of review of *half a million pages of documents* for the alleged use of excessive force with a single plaintiff speaks more towards enhancing a claim for fees than a concern for efficient discovery in this matter. Alternatively, plaintiff's counsel may be seeking discovery to assist other matters. Either purpose is an invalid motivation for discovery.

Further, deeming every single deposition that was held or will be held in the Consolidated Cases to be part of – and potentially used in -- the instant case likewise imposes an immense burden on the parties here, to no benefit. Upon information and belief, there have to date been approximately over 60 depositions in the Consolidated Cases, and it is anticipated that there are approximately 100 depositions left. Plaintiff presents no reason to assume that the depositions taken in the Consolidated Cases are relevant to this action, and no reason to believe that the burden of attending or reading all of them is proportional to the needs of this case.

In addition, being required to abide by the discovery schedule in the Consolidated Cases imposes the additional burden of subjecting the defendants here to the timelines of the Consolidated Cases. Plaintiff presents no reason why that is appropriate, let alone necessary, for the just, efficient and fair adjudication of *this matter*.

Plaintiff's allegations refer to one unique incident. The only tenuous connection between this case and the Consolidated Cases is that the alleged incident occurred during a protest. That fact that this allegation occurred during a protest does not make this one specific case in anyway similar to the Consolidated Cases, nor does it make the discovery there relevant here. The specific allegations of excessive force and sexual assault in plaintiff's case here are very different than the allegations in the Consolidated Cases.

Plaintiff's reliance on orders to coordinate discovery in other unrelated cases is misplaced as those orders do not address the concerns raised by defendants here about proportionality and the unreasonable burden of review. Further, the orders in those cases do not state why the bifurcation of *Monell* discovery would be inappropriate or would not achieve the interests of judicial economy, especially in a case involving allegations about a very discrete event as plaintiff alleges.

Accordingly, plaintiff's proposed order is contrary to the requirements of Fed. R. Civ. P. 1 & 26 and should be rejected.

### 3. Plaintiff's Motion for Costs Should be Denied

Plaintiff's proposed motion for costs pursuant to Fed. R. Civ. P. 37(a)(5)(A) is without merit. Pursuant to Fed. R. Civ. P. 37(a)(1) "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiff makes no motion to compel discovery. This case is not related to the Consolidated Cases, and the defendants are not refusing to abide by a discovery request or Order. Rather, the issue is whether the Court should deem all discovery conducted in the Consolidated Cases to be conducted in this case, and subject the parties here to the schedule in those cases. Accordingly, Rule 37 has no application to plaintiff's motion. But even Rule 37 did apply, as demonstrated above, defendants' opposition to the proposed Order has a substantial basis.

An award of costs under Rule 37 is proper if "(1) a district court grants a Rule 37(a) motion to compel discovery or disclosure, or (2) disclosure or the requested discovery is provided after the motion was filed, the court must, after giving an opportunity to be heard, require the . . . [opposing] attorney . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Mantell v. Chassman*, 512 Fed. App'x. 21, 24 (2d Cir. 2013) (citing Fed. R. Civ. P. 37(a)(5)(A)) (internal quotation marks omitted). However, a court "must not order payment if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust." *Id.*

For the reasons stated herein, plaintiff's motion for costs is without basis, and should be denied. *See e.g. Comprehensive Habilitation Servs. v. Commerce Funding Corp.*, 240 F.R.D. 78, 87 (S.D.N.Y. 2006) (denying motion for costs where the opposing parties objections to relevancy were valid); *Gade v. State Farm Mut. Auto. Ins. Co.*, 14-CV-00048, 2016 U.S. Dist. LEXIS 73049 at **11-12 (D. Vt. June 6, 2016) (denying motion for costs where the discovery dispute did not "reveal any willful non-compliance with discovery obligations, but rather a genuine dispute wherein each side believed that it was substantially justified in its position.") (citation and internal quotation marks omitted).

For the reasons set forth herein, defendants respectfully request the Court: (1) bifurcate *Monell* discovery pending the resolution of the factual issues; (2) deny plaintiff's request to coordinate discovery with the Consolidated Cases to the extent the Court does not bifurcate *Monell* discovery; and (3) deny plaintiff's motion for costs.

Respectfully,

/s/ *Gregory J.O. Accarino*

GREGORY J.O. ACCARINO
Assistant Corporation Counsel
Special Federal Litigation Division

cc:  **By ECF:**
Maryanne K. Kaishian, Esq.
Remy Green, Esq.
*Attorneys for Plaintiff*