21 Civ. 10832 (LAK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO JAVIER CASABLANCA-TORRES,

Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' PARTIAL MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 3-186*
*New York, NY 10007*

*Of Counsel:  Andrea Osgood*
*Tel: (212) 356-2424*
*Matter No.:  2021-002033*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES....................................................................................................... II

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT

        POINT I

                THERE WAS PROBABLE CAUSE FOR
                PLAINTIFF'S ARREST AND PROSECUTION ................................... 1

        POINT II

                PLAINTIFF'S EXCESSIVE DETENTION
                CLAIM FAILS.......................................................................................... 4

        POINT III

                THERE IS NO EVIDENCE THAT OFFICER
                COSTELLO FABRICATED EVIDENCE .............................................. 5

        POINT IV

                PLAINTIFF'S REMAINING FIRST
                AMENDMENT CLAIMS ARE NOT VIABLE...................................... 6

        POINT V

                DEFENDANT COSTELLO IS ENTITLED TO
                QUALIFIED IMMUNITY ...................................................................... 6

        POINT VI

                PLAINTIFF'S MONELL CLAIM FAILS ............................................. 8

CONCLUSION.............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**                                                                       **Pages**

Annunziata v. City of New York,
   06 Civ. 7637 (SAS), 2008 U.S. Dist. LEXIS 42097
   (S.D.N.Y. May 28, 2008)....................................................................................8

Boyd v. City of New York,
   336 F.3d 72 (2d Cir. 2003)................................................................................3

Case, et al. v. City of New York, et al.,
   233 F. Supp. 3d 372 (S.D.N.Y. 2017).............................................................7

Colon v. City of New York,
   60 N.Y.2d 78 (1983)........................................................................................3

Edrei v. Maguire,
   892 F.3d 525 (2d Cir. 2018).............................................................................7

Greene v. City of New York,
   742 Fed. App'x 532 (2d Cir. 2018)..................................................................9

Haus v. City of New York,
   2011 U.S. Dist. LEXIS 155735 (S.D.N.Y. Aug. 31, 2011)............................4

Lamel Jeffrey, et al. v. City of New York, et al.,
   20-CV-2843 (NGG)(RML)...........................................................................2, 3

Liberian Cmty. Ass'n of Conn. v. Lamont,
   970 F.3d 174 (2d Cir. 2020).............................................................................7

Lowery v. City of New York,
   10 Civ. 7284 (KBF), 2014 U.S. Dist. LEXIS 77533
   (S.D.N.Y. June 6, 2014)...................................................................................8

Macnamara v. City of New York,
   275 F.R.D. 125 (S.D.N.Y. 2011).....................................................................4

Micalizzi v. Cimarra,
   206 F. Supp. 2d 564 (S.D.N.Y. 2002).............................................................8

Monahan v. City of New York,
   20-cv-2610 (PKC), 2022 U.S. Dist. LEXIS 59124
   (S.D.N.Y. Mar. 30, 2022)................................................................................9

Mullenix v. Luna,
   577 U.S. 7 (2015).............................................................................................7

**Cases**                                                                      **Pages**

Narvaez v. City of New York,
 No. 16-CV-1980 (GBD), 2017 U.S. Dist. LEXIS 59764
 (S.D.N.Y. April 17, 2017)..............................................................................9

In re New York City Policing During Summer 2020 Demonstrations,
 548 F. Supp. 3d 383 (S.D.N.Y. 2021)..............................................1, 2, 6, 7, 9

Pesola v. City of New York,
 15-cv-1917 (PKC)(SN); 15-cv-1918 (PKC)(SN),
 2016 U.S. Dist. LEXIS 42977 (S.D.N.Y. Mar. 30 2016) .............................4

Randolph v. Metro. Transp. Auth.,
 17cv1433 (DLC), 2018 U.S. Dist. LEXIS 98603
 (S.D.N.Y. June 12, 2018)..............................................................................5

Triano v. Town of Harrison,
 895 F. Supp. 2d 526 (S.D.N.Y. 2012)..........................................................8

Zellner v. Summerlin,
 494 F.3d 244 (2d Cir. 2007)..........................................................................7

**Statutes**

C.P.L. § 100.15(1)...............................................................................................3

C.P.L. § 100.15(3)...............................................................................................3

C.P.L. § 140.10(1)(a)...........................................................................................3

C.P.L. §140.10(1)(c)............................................................................................3

C.P.L. § 150.........................................................................................................4

C.P.L. §150.20(1)(a)............................................................................................4

C.P.L. § 150.75(2)................................................................................................4

F.R.C.P. 12(b)(6) ...............................................................................................10

F.R.C.P. 23(b)(3)................................................................................................4

## PRELIMINARY STATEMENT

The crux of plaintiff's opposition is that regardless of the fact that he was knowingly out past curfew, he should not have been arrested or summonsed for it because no one told him to disperse before apprehending him. To permit plaintiff to continue this litigation with the end goal of obtaining money damages under a scenario wherein he admits to committing the act for which he was apprehended would be perverse.

## ARGUMENT

### POINT I

### THERE WAS PROBABLE CAUSE FOR PLAINTIFF'S ARREST AND PROSECUTION

As an initial matter, plaintiff contends that defendants did not move to dismiss plaintiff's state law false arrest and malicious prosecution claims and, as such, have waived any such argument. Plaintiff is wrong, as defendants did, in fact, move to dismiss such claims. See, e.g., Defendants' Memorandum of Law in Support of Their Motion to Dismiss (hereinafter "Def. Br.") at 20.

Regardless, regarding the false arrest claim, plaintiff asserts that Executive Order 119 (hereinafter "E.O. 119") mandates that a dispersal order be given before an arrest can be made and accordingly, despite the fact that plaintiff was admittedly out past curfew, there could not have been probable cause to arrest him because he allegedly was not issued a dispersal order. Plaintiff further posits that In re New York City Policing During Summer 2020 Demonstrations (hereinafter "In re NYC Policing"),[1] "read as a whole," supports his position. Plaintiff is wrong. Contrary to plaintiff's representation, In re NYC Policing absolutely did not conclude that dispersal orders were "mandatory" before a protestor could be charged with violating the curfew.

---

[1] In re New York City Policing During Summer 2020 Demonstrations, 548 F. Supp. 3d 383 (S.D.N.Y. 2021).

At most, In re NYC Policing noted that the lack of a dispersal order *may* be relevant to a probable cause analysis, but nowhere in the decision did the court hold or even assert that lack of a dispersal order is fatal to probable cause.

Moreover, a fair reading of In re NYC Policing demonstrates that the court was quite skeptical concerning whether a dispersal order was necessary in order to arrest. The court recognized that the conduct prohibited by E.O. 119 was being out in violation of curfew – not failing to abide by a dispersal order – and, further, that "nothing in the Constitution requires that police give a dispersal order once a curfew is in effect before arresting a violator for a curfew violation." In re New York City Policing During Summer 2020 Demonstrations, 548 F. Supp. 3d at 408. Furthermore, while not specifically in the context of a probable cause analysis, the court made the common sense analysis that:

> It hardly seems possible for a law to be more clear about what conduct it prohibits…Surely a person of ordinary intelligence (1) knows what it means to be in public; (2) understands the meaning of the words 8:00 (or 11:00) PM to 5:00 AM; and (3) knows whether that individual is a police officer, firefighter, first responder, emergency technician, homeless, or is travelling to/from essential work or seeking medical treatment or supplies. If you are out after 8:00 (or 11:00) PM, and you are not [a] peace officer, firefighter, first responder, emergency technician, homeless, travelling to/from essential work, or seeking medical treatment, you are in violation of the curfew order and guilty of a misdemeanor.

Id. at 415.

Jeffrey v. City of New York,[2] is also instructive here. Jeffrey is one of the very few cases in this circuit concerning arrests for violating the curfew set forth in E.O. 119. In Jeffrey, each of the three named plaintiffs were detained for being out past curfew. Without any discussion of the

---

[2] Lamel Jeffrey, et al. v. City of New York, et al., 20-CV-2843 (NGG)(RML), Memorandum & Order, dated January 21, 2022, Dkt. No. 34.

necessity of a dispersal order, the court dismissed plaintiffs' false arrest claims, finding that plaintiffs' admission that they were out past curfew was sufficient alone to establish probable cause for their arrests. Id. at 14. Like Jeffrey, here, there was probable cause to arrest and/or summons plaintiff for being out past curfew.[3]

Regarding the state law malicious prosecution claim, plaintiff contends that there was no probable cause for his prosecution since he alleges that Officer Costello did not personally observe plaintiff violating the curfew. Plaintiff's theory is deeply flawed. First, in support of this questionable theory on probable cause, plaintiff misstates various sections of the New York Criminal Procedure Law (hereinafter "C.P.L.") – specifically C.P.L. §§ 100.15(1) and (3) and 140.10(1)(a) – to suggest that "personal knowledge" of the arresting officer is required any time a prosecution is brought. However, where an arrestee is charged with a misdemeanor, like here, the arrest can be based on "information and belief" rather than personal observations pursuant to C.P.L. §140.10(1)(c). Second, "[p]robable cause, in the context of malicious prosecution, has also been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." Boyd v. City of New York, 336 F.3d 72, 76 (2d Cir. 2003) (citing Colon v. City of New York, 60 N.Y.2d 78, 82 (1983)). As an initial matter, even if plaintiff was given into the custody of Officer Costello by another officer who apprehended him, it would have been reasonable for Officer Costello to believe that plaintiff had violated the curfew since he, himself, encountered plaintiff at 9:00, past the curfew hours, in public. Further, plaintiff himself admits to committing the act for which he was allegedly prosecuted – specifically, being out past curfew – thus, plaintiff's argument that there was no probable cause for the prosecution is curious.

---

[3] Plaintiff also argues that dispersal orders have generally been required in the context of protests. However, none of the cases plaintiff cites to have dealt with a dispersal order in the context of a curfew.

3

## POINT II

### PLAINTIFF'S EXCESSIVE DETENTION CLAIM FAILS

Plaintiff's main argument in support of his excessive detention claim is that he should have been issued a summons "on the street" pursuant to the N.Y. Criminal Procedure Law §150.20(1)(a). However, the words "on the street" do not appear anywhere in the text of C.P.L. § 150.[4] Put simply, regardless of where plaintiff would have preferred to receive the summons, he had absolutely no right to receive a summons "on the street." Further, there is no constitutional obligation to issue summonses "on the street."

Plaintiff further incorrectly argues that his eight-hour detainment was unreasonable. However, the cases that plaintiff cites to in support of his contention contain vastly different scenarios than presented here.[5] Here, there is absolutely no evidence that plaintiff's eight-hour detention was unreasonable, which is the standard when evaluating an excessive detention claim. Haus v. City of New York, 2011 U.S. Dist. LEXIS 155735 at *223 (S.D.N.Y. Aug. 31, 2011) (holding that arrestees subjected to mass arrest processing could not sustain a claim for excessive detention when they were detained for less than 48 hours). In fact, plaintiff's detention was due mostly to the long lines at the arrest processing center – which plaintiff complains of in the Complaint. Complaint at ¶ 143. It goes without saying that Officer Costello had no control over the length of the line at the arrest processing center and accordingly, plaintiff's claim is without merit.

---

[4] In fact, all the C.P.L. requires is that "[w]henever the defendant is arrested without a warrant, an appearance ticket shall promptly be issued and served upon him." C.P.L. § 150.75(2).

[5] In Pesola, the Court determined that the 15 and 20 hour delay in plaintiffs' arrest processing, which was retaliation for plaintiffs refusing to submit to iris scans, could give rise to an excessive detention claim. Pesola v. City of New York, 15-cv-1917 (PKC)(SN); 15-cv-1918 (PKC)(SN), 2016 U.S. Dist. LEXIS 42977 at *29-30 (S.D.N.Y. Mar. 30 2016). In MacNamara, the Court held that, under a F.R.C.P. 23(b)(3) analysis, the putative class satisfied the "predominance" prong even though their detentions were largely less than 48-hours because the issue presented in that class action was a policy to detain RNC arrestees longer than would otherwise be required. Macnamara v. City of New York, 275 F.R.D. 125, 150 (S.D.N.Y. 2011).

<u>POINT III</u>

**THERE IS NO EVIDENCE THAT OFFICER COSTELLO FABRICATED EVIDENCE**

Plaintiff argues that the fabricated evidence is Officer Costello's "sworn allegations" that he personally observed plaintiff violate the curfew orders. Plf.'s Opp. at 32. However, the summons does not state that Officer Costello "personally observed" anything. Even if it did, Officer Costello, in fact, encountered plaintiff out in public past the 8:00 p.m. curfew, so there are no fabricated statements on the face of the summons.

Further, in order to demonstrate a viable denial of right to fair trial claim, plaintiff would have to show that the alleged "fabricated evidence" was material in that it would likely influence a jury's verdict and that he suffered some sort of deprivation of liberty as a result, which plaintiff cannot do. The summons here would not be likely to influence a jury since (1) it would be the officer's testimony, rather than the summons, that would be presented in support of the prosecution at trial; (2) plaintiff cannot truthfully dispute that he was out beyond the curfew; and (3) plaintiff has not alleged any deprivation of liberty attendant to the facts sets forth on the face of the summons, especially since he never appeared in court and the matter was dismissed pre-arraignment. <u>See</u>, <u>e.g.</u>, <u>Randolph v. Metro. Transp. Auth.</u>, 17cv7284 (DLC2018 U.S. Dist. LEXIS 98603 at *20-21 (S.D.N.Y. June 12, 2018) (dismissing plaintiff's denial of right to fair trial claim because a summons is not generally introduced at trial and thus cannot influence a jury's verdict and plaintiff did not suffer a deprivation of liberty, despite making one subsequent court appearance).  As such, plaintiff's denial of right to fair trial claim fails.

5

## POINT IV

## PLAINTIFF'S REMAINING FIRST AMENDMENT CLAIMS ARE NOT VIABLE

As an initial matter, plaintiff's contention that defendant waived any arguments that his as-applied First Amendment claims should be dismissed is baseless. See, e.g., Def. Br. at Point IV. Plaintiff's claims that E.O. 119, as applied, was unconstitutional is meritless. In re NYC Policing, addressed and rejected the same argument, finding that the curfew order was abundantly clear in advising (1) a citizen of average intelligence that he was not permitted to be in public after 8:00 PM, unless he was an essential worker, seeking medical treatment, or homeless, and (2) NYPD officers that those in violation of the curfew were guilty of committing a misdemeanor. In re New York City Policing During Summer 2020 Demonstrations, 548 F. Supp. 3d at 415. The court also dismissed any claim that the curfew order was selectively enforced, finding that it applied across the board to anyone who was not deemed to be undertaking essential work during the overnight hours or homeless. Id. The result should be the same here.

## POINT V

## DEFENDANT COSTELLO IS ENTITLED TO QUALIFIED IMMUNITY

Plaintiff's argument that defendants are not entitled to qualified immunity because it was "clearly established…there is neither probable cause, nor arguable probable cause, to arrest a person for refusing to comply with a dispersal order when police never even gave such an order" demonstrates plaintiff's misunderstanding of the correct qualified immunity question here. Plf.'s Opp. at 36-7. The inquiry here is: (1) was it unconstitutional for defendant Costello to arrest plaintiff pursuant to E.O. 119 for violating the curfew – in the middle of a global pandemic during mass, unprecedented protests – without first issuing a dispersal order; and (2) if so, was it

clearly established that such an arrest was unconstitutional? The answer to both is no. Def. Br. at 26.

First, "nothing in the Constitution requires that police give a dispersal order once a curfew is in effect before arresting a violator for a curfew violation." In re New York City Policing During Summer 2020 Demonstrations, 548 F. Supp. 3d at 408. Regardless, even assuming *arguendo* that a dispersal order was required before such an arrest and/or prosecution, it was not clearly established that the failure to do so was unconstitutional. "Clearly established means that, at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful. In practice, this means that controlling authority or a robust consensus of cases of persuasive authority dictate the action at issue." Liberian Cmty. Ass'n of Conn. v. Lamont, 970 F.3d 174, 186 (2d Cir. 2020) (cleaned up); see, also, Mullenix v. Luna, 577 U.S. 7, 12 (2015) (The Supreme Court has repeatedly urged lower courts "not to define clearly established law at a high level of generality . . . This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition"). To be sure, there is no "robust consensus of cases" on the issue of whether E.O. 119 required that a dispersal order be given before arresting a protestor out past curfew and subsequently commencing a prosecution, or any cases at all. Plaintiff cites to several cases – two from the Second Circuit and two from the Southern District of New York – none of which are on point.[6]

---

[6] Zellner v. Summerlin, 494 F.3d 244 (2d Cir. 2007), Case, et al. v. City of New York, et al., 233 F. Supp. 3d 372 (S.D.N.Y. 2017), and Case, et al. v. City of New York, et al., 408 F. Supp. 3d (S.D.N.Y. 2019) all address dispersal orders in the context of New York's Disorderly Conduct statute. Edrei v. Maguire, 892 F.3d 525 (2d Cir. 2018) addresses whether it was reasonable for officers, who had not issued dispersal orders to protestors, to subject said protestors to pain and injury in an attempt to move protestors onto the sidewalk.

Additionally, Officer Costello – who was assigned plaintiff's arrest – is also entitled to qualified immunity because it was reasonable for him to rely on the orders given to him by a supervisor to process plaintiff's arrest for a curfew violation. See, e.g., Micalizzi v. Cimarra, 206 F. Supp. 2d 564, 577 (S.D.N.Y. 2002); Annunziata v. City of New York, 2008 U.S. Dist. LEXIS 42097 at *18-19 (S.D.N.Y. May 28, 2008) (holding that, even if probable cause was lacking, an officer cannot be penalized for making what he believed to be a proper arrest based on a fellow officer's report). Further, it cannot be said that no reasonable officer in the same scenario would have arrested and/or prosecuted plaintiff. Accordingly, Officer Costello is entitled to qualified immunity on plaintiff's False Arrest, Malicious Prosecution, and First Amendment Retaliation claims.

## POINT VI

## PLAINTIFF'S MONELL CLAIM FAILS

With regard to plaintiff's claims about widespread policy or custom, plaintiff continues to fail to articulate any specific factual allegations that would tend to suggest the actual existence of any of the purported hodgepodge collection of alleged policies. Lowery v. City of New York, 10 Civ. 7284 (KBF), 2014 U.S. Dist. LEXIS 77533 at *21-22 (S.D.N.Y. June 6, 2014). Such vague, conclusory assertions, without more, are insufficient to establish that any such custom or policy existed. Triano v. Town of Harrison, 895 F. Supp. 2d 526, 536 (S.D.N.Y. 2012).

With regard to plaintiff's failure to train theory of Monell liability, plaintiff has failed to establish a specific deficiency in the City's training that is responsible for his alleged constitutional violations. Plaintiff argues in his opposition that the Complaint pleads specific failures "of the NYPD to train regarding policing protesting," but never identifies the failures with any specificity. The law is clear that "[b]are allegations that more (or better) training could have avoided plaintiff's injury are precisely the type of allegations that the Supreme Court has

deemed insufficient." <u>Narvaez v. City of New York</u>, No. 16-CV-1980 (GBD), 2017 U.S. Dist. LEXIS 59764, at *21 (S.D.N.Y. April 17, 2017) (citing <u>City of Canton</u>, 489 U.S. at 391); <u>see also</u> <u>Monahan v. City of New York</u>, 2022 U.S. Dist. LEXIS 59124 at *44-45 (S.D.N.Y. Mar. 30, 2022) ("plaintiffs must identify a specific deficiency in the city's training program and establish that the deficiency is closely related to the ultimate injury, such that it actually caused the constitutional deprivation . . . That deficiency must be fundamental to the training program…") (internal citations omitted).  Further, to the extent that plaintiff attempts to rely on the allegations set forth in the cases that were the subject of <u>In re NYC Policing</u>, he cannot since "a plaintiff 'cannot point to contemporaneous or subsequent violations' in order to establish notice of a municipality's training deficiencies." <u>Monahan</u>, 2022 U.S. Dist. LEXIS 59124 at *58 (quoting <u>Greene v. City of New York</u>, 742 Fed. App'x 532, 536-537 (2d Cir. 2018). Because plaintiff has failed to plead his <u>Monell</u> claim with the requisite level of specificity, his claim fails.

## <u>CONCLUSION</u>

For the reasons stated herein, and in Def. Br., Defendants City of New York and Police Officer Ryan Costello respectfully request that the Court dismiss plaintiff's First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth (save Plaintiff's claim for Conversion) causes of action in the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated:       New York, New York
             October 28, 2022

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of
   New York
*Attorney for City & Costello*
100 Church Street, 3th Floor
New York, New York 10007
T: (212) 356-2424

By:       /s/ *Andrea Osgood*
          Andrea Osgood, Esq.
          *Assistant Corporation Counsel*

cc:       All Counsel of Record (via ECF)