

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **ANDREA OSGOOD**<br>*Senior Counsel*<br>phone: (212) 356-2424<br>fax: (212) 356-3509<br>aosgood@law.nyc.gov |

March 14, 2023

**VIA ECF**
Honorable Lewis A. Kaplan
Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Britvec, et al. v. City of New York, et al., 21 Civ. 10759 (JHR)
                Casablanca-Torres v. City of New York, et al., 21 Civ. 10832 (LAK)

Your Honors:

      I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York ("City") and the attorney assigned to the defense of the above-referenced matters. Defendants write in opposition to plaintiffs' letter, dated March 10, 2023, seeking to compel discovery in these matters. Plaintiffs' motion to compel should be denied because, contrary to plaintiffs' letter, which does nothing more than attempt to muddy the issues and misstate the history of these cases, discovery is not and has not been ongoing in either case.

**Discovery Is Stayed**

      Plaintiffs' accusation that defendants have no basis to "withhold" or "resist" discovery is disingenuous. It is defendants' understanding that discovery in both cases has been stayed pending the resolution of the motion to dismiss in Casablanca-Torres, which was fully briefed in October 2022. The procedural facts overwhelmingly support defendants' understanding.

      Importantly, since the January 20, 2022 conference, which plaintiffs erroneously suggest triggered discovery in these matters, no discovery schedule has been endorsed or ordered by the Court. The Court's December 2021 Scheduling Orders directed the parties to file a stipulated discovery plan by January 13, 2022, or noted, alternatively, that the Court would set a discovery schedule at the January 20, 2022 Initial Conference. (See Britvec ECF No. 7 and Casablanca-Torres ECF No. 10). The parties did not submit a stipulated discovery plan. At the January 20

conference, the parties discussed the relatedness of these two matters and the Court set a motion schedule for briefing on that issue. (Britvec January 20, 2022 ECF Minute Entry). Thereafter, on January 31, 2022, the Court ordered both actions "consolidated solely for discovery and discovery-related pretrial proceedings. (Britvec ECF No. 18 and Casablanca-Torres ECF No. 21). Significantly, neither of those January 31 Orders set a discovery schedule or otherwise ordered the parties to conduct discovery. In fact, there are no entries or Court Orders on either docket indicating that the parties were to conduct discovery.

Moreover, that none of the parties served Initial Disclosures or conducted any discovery for the past fourteen months is telling, especially in light of the pending motion to dismiss. It is absurd for plaintiffs to now suggest that they did, in fact, believe that discovery was ongoing, yet chose to do nothing for over a year.

**Plaintiffs Do Not Articulate Any Cogent Reason to Lift the Stay**

As the Court is aware, the pending motion to dismiss in Casablanca-Torres implicates a significant portion of plaintiff's claims therein.  Furthermore, to the extent that defendants' motion is successful, the mirrored claims in Britvec fail as well.  Thus, it makes sense that both matters are stayed pending resolution of the motion to dismiss so as not to squander the Court's or parties' time and resources on discovery and the unavoidable disputes.  Plaintiffs have not articulated a good basis why the parties should engage in discovery, including discovery on claims which are currently the subject of a motion to dismiss.

Plaintiffs' argument that they have an exigent need to conduct discovery so that they can "push to identify the Doe Defendants" before the statute of limitations expires in June and that the best way to do so is to "pick up where the DANY, IAB, and CCRB investigations have left off" is unavailing and misleading. Upon information and belief, to the extent that the purported John Doe defendants could be identified, plaintiffs have been in possession of the documents necessary to do so for some time and/or have been aware of the steps necessary to obtain such documents since December 2022 – either way, there is no good reason to engage in the expansive discovery that plaintiffs are now seeking for the purposes of identifying the alleged John Does.

First, plaintiffs, by their own acknowledgment, have been conducting discovery in In Re: New York City Policing During Summer 2020 Demonstrations, 21 Civ. 1904 (CM), for some time. As part of that discovery, plaintiffs have been provided with hundreds of body worn camera videos and dozens of CCRB and IAB logs and investigations related to the June 3, 2020 protest.[1] Second,

---

[1] It is baffling that plaintiffs would assert that there was an extensive investigation conducted by CCRB into the alleged underlying incidents since it appears that none of the plaintiffs, with the exception of Kudler and Hewitt, filed CCRB complaints.  As to Kudler and Hewitt, counsel for both requested that the investigations be closed shortly after the alleged incidents in or about July 2020.  Moreover, on or about February 26, 2023, CCRB released a report detailing the investigations that it undertook stemming from the Black Lives Matter protests.  See https://www.nyc.gov/assets/ccrb/downloads/pdf/policy_pdf/issue_based/2020NYCProtestReport.pdf.  The report contains no mention of an investigation into any alleged excessive force against

regarding the purported extensive DANY investigation, plaintiffs appear to be attempting to shift the burden of obtaining these documents onto the City. By letter dated December 9, 2022, DANY informed plaintiffs that its office's investigation into plaintiffs' allegations was sealed and advised plaintiffs that they would have to file a motion to unseal the Grand Jury proceedings before such documents could be produced. See December 9, 2022 Letter from Assistant District Attorney Christina Ante, annexed hereto as Exhibit "A." Curiously, more than three months later, plaintiffs have not done so nor have they provided an explanation in their instant application for their failure to do so. Thus, any emergency in identifying the John Does before the expiration of the statute of limitations has been created by plaintiffs' own failure to do what they were instructed to do months ago.  Furthermore, it cannot be overstated that the City has no control over DANY, nor does it have access to DANY's investigative files regardless of plaintiffs' attempt to cast them as a single entity in their motion to compel.[2]

All this to say that plaintiffs have been in possession of the documents necessary to identify the John Doe defendants or, alternatively, have been aware of the steps necessary to obtain such documents for quite awhile.  Regardless, there is no need to lift the stay of discovery here for the purposes of identifying John Doe defendants. Additionally, notably, while plaintiffs focus on the purported need to identify the John Does as the basis for engaging in discovery, the Court should be aware that the vast majority of the discovery that they seek to compel is wholly irrelevant to such identification and is wildly disproportionate to the needs of this litigation.  Thus, in the event that the Court is inclined to order the parties to engage in discovery, defendants intend to move for a protective order.

Accordingly, for the reasons stated herein, defendants respectfully request that the Court deny plaintiffs' motion to compel discovery in its entirety. Thank you for your consideration herein.

> Respectfully submitted,
>
> /s/ *Andrea Osgood*
> Andrea Osgood
> Assistant Corporation Counsel
> Special Federal Litigation Division

cc:   All Counsel of Record (via ECF)

---

the plaintiffs – as plaintiffs would be fully aware of since they are already in possession of CCRB investigatory documents related to the 2020 Protests.

[2] Suspiciously, the discovery requests that plaintiff incorrectly served on defendants March 2, 2023 seek all documents related to DANY's investigation. It is preposterous for plaintiffs to seek to compel the City to engage in discovery and then request the very documents that plaintiffs themselves could have obtained.