

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small>
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**ANDREA OSGOOD**
*Senior Counsel*
phone: (212) 356-2424
fax: (212) 356-3509
aosgood@law.nyc.gov

May 26, 2023

**VIA ECF**
Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Britvec, et al. v. City of New York, et al.</u>, 21 Civ. 10759 (LAK)
             <u>Casablanca-Torres v. City of New York, et al.</u>, 21 Civ. 10832 (LAK)

Your Honor:

    I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York ("City") and the attorney assigned to the defense of the above-referenced matters. Defendants write to request an extension of time until June 7, 2023 to respond to plaintiffs' First Set of Interrogatories and Document Requests in both matters.[1] This is defendants' first request. Plaintiffs do not consent to this request.

    By way of background, on March 10, 2023, plaintiffs filed a motion to compel defendants to engage in discovery – namely, to provide initial disclosures and respond to interrogatories and document requests that were served on defendants on March 2, 2023 despite discovery being stayed in both matters due to a pending motion to dismiss in <u>Casablanca-Torres</u>. See <u>Britvec</u> Docket Entry No. 22; <u>Casablanca-Torres</u> Docket Entry No. 69. The crux of plaintiffs' argument in their motion to compel was that they had an urgent need to identify John Doe defendants before the expiration of the statute of limitations on June 3, 2023. The Court denied plaintiffs' motion on March 16, 2023. <u>See</u> Britvec Docket Entry No. 24. On April 4, 2023, the Court issued a

---

[1] Notably, the parties recently conferred on a proposed discovery schedule that defendants anticipate will be submitted today for Court endorsement. Given that there is currently no discovery schedule in place, it is defendants' position that they are under no obligation to respond to plaintiffs' discovery requests by any particular date. However, in an abundance of caution, defendants are seeking an extension from the Court.

Memorandum and Order granting in part and denying in part defendants' motion to dismiss. Notably, the Court granted defendants' motion to bifurcate Monell discovery.

On or about May 8, 2023, plaintiffs' counsel contacted the undersigned about proposing a discovery schedule and to ascertain defendants' position on a stipulation tolling the statute of limitations until November 5, 2023. On or about May 10, 2023, the undersigned indicated that defendants would need until May 31, 2023 to respond to interrogatories and documents requests – even though no formal discovery schedule had yet been stipulated to or ordered – and they would not consent to a stipulation tolling the statute of limitations. During a meet and confer on May 12, 2023, plaintiffs indicated that they would move the court for an order tolling the statute of limitations. Curiously, they have not yet done so.

Since then, the parties have agreed to a proposed discovery schedule moving forward, which contemplates a discovery deadline of December 29, 2023. Despite this, plaintiffs refused to consent to June 7, 2023, for defendants' to serve responses to plaintiffs' interrogatories and document requests, again citing their need to identify John Doe defendants before the expiration of the statute of limitations. Due to conflicting professional obligations – including trial preparation and motions in other matters – defendants need one additional week to respond to plaintiffs' discovery requests. It bears emphasizing that the vast majority of plaintiffs' discovery requests are wholly irrelevant to the identification of John Doe defendants. Moreover, the bulk of plaintiffs' requests relate to the protest at large – which, given the bifurcation of Monell discovery in these matters, are improper at this time. Nevertheless, it is worth noting that, as of the filing of this letter, defendants have been unable to identify any of the John Does in either matter. As such, plaintiffs will not be prejudiced by a brief, one-week extension for defendants' responses.

Accordingly, for the reasons stated herein, defendants request until June 7, 2023 to respond to plaintiffs' interrogatories and document requests. Thank you for your consideration herein.

Respectfully submitted,

/s/ *Andrea Osgood*

Andrea Osgood
*Senior Counsel*
Special Federal Litigation Division

cc:   All Counsel of Record (via ECF)