UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

FRANCISCO JAVIER CASABLANCA-TORRES,

                                 Plaintiff,

- against -

THE CITY OF NEW YORK; MAYOR BILL DE BLASIO; NEW YORK CITY POLICE DEPARTMENT ("NYPD") COMMISSIONER DERMOT SHEA; NYPD CHIEF OF DEPARTMENT TERENCE MONAHAN; NYPD OFFICER RYAN COSTELLO, SHIELD NO. 03464; NYPD LIEUTENANT LUIS COLUMBIE; NYPD SERGEANT RICHARD WALL, and NYPD MEMBERS JOHN and JANE DOES # 1 and 4,

                                 Defendants.
------------------------------------------------------------------------x

**STIPULATION OF SETTLEMENT**

21 Civ. 10832 (LAK)

        **WHEREAS,** plaintiff Francisco Javier Casablanca-Torres commenced this action by filing a complaint in the Supreme Court of New York, New York County, on or about September 1, 2021, alleging that the defendants violated plaintiff's federal and state civil rights;

        **WHEREAS,** on December 17, 2021, this action was removed from New York State Supreme Court to the United States District Court for the Southern District of New York;

        **WHEREAS,** defendants City of New York, New York City Police Department, Dermot Shea, Terence Monahan, Ryan Costello, Luis Columbie and Richard Wall have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** plaintiff has authorized his counsel, Gideon Orion Oliver and Cohen & Green PLLC, to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Francisco Javier Casablanca-Torres the sum of TWO HUNDRED THIRTY THOUSAND ($230,000.00) DOLLARS in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. The aforesaid sum of TWO HUNDRED THIRTY THOUSAND ($230,000.00) DOLLARS will be apportioned and paid for by the City of New York as Follows:

   - One check made payable to FRANCISCO JAVIER CASABLANCA-TORRES in the amount of ONE HUNDRED SEVENTY-FIVE THOUSAND ($175,000.00) DOLLARS; and
   - A second check made payable to COHEN & GREEN PLLC, as counsel for plaintiff, in the amount of FIFTY-FIVE THOUSAND ($55,000.00) DOLLARS, for all attorneys' fees, costs, and expenses.

In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release defendants City of New York, New York City Police Department, Dermot Shea, Terence Monahan, Ryan Costello, Luis Columbie and Richard Wall; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and serve on the City of New York's attorney by legal tender (either by personal service or certified mail) at 100 Church Street, New York, New

York 10007 all documents necessary to effect this settlement, including, without limitation, a General Release, based on the terms of paragraph "2" above, IRS Form W-9, and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendants regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter. If Medicare claims are not satisfied, defendants reserve the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

7. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written

agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       february 14    , 2024

GIDEON ORION OLIVER
*Attorney for Plaintiff*
277 Broadway, Suite 1501
New York, NY 10007

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
    City of New York
*Attorney for Defendants City of New York, New York City Police Department, Dermot Shea, Terence Monahan, Ryan Costello, Luis Columbie and Richard Wall*
100 Church Street
New York, New York 10007

By: _____
    Gideon Orion Oliver

By: _____
    Amy Robinson

Cohen & Green PLLC
*Attorney for Plaintiff*
1639 Centre Street, Suite 216
Ridgewood, NY 11385

By:_____
    Elena Louisa Cohen

4